NEW-YORK,
May 1817.

TAYLOR
v.
MARSHAL.

## TAYLOR AND OTHERS *against* MARSHAL.

In an action to recover the value of property which had been taken under an execution against A., by a person claiming to have purchased the property of A., evidence of a conversation between the plaintiff and A., in which the previous sale was admitted, is not competent evidence of the sale.

IN ERROR, to the court of common pleas of the county of *Courtlandt.*

The defendant in error brought an action in the court below, to recover the value of a pair of oxen, which had belonged to one *Ward*, and were taken by *Taggart*, one of the defendants below, who was a constable, under an execution issued in favour of the other defendants below, against *Ward*. The plaintiff below produced at the trial one *Matilda Marshal*, and offered to prove by her, that she heard the plaintiff converse with *Ward* about the cattle, and that it was agreed between them, that *Ward* had, previously to that day, sold the cattle to the plaintiff, but she was not present at the time the contract was made. The defendants below objected to the testimony, but the court permitted it to go to the jury, and a verdict was found for the plaintiff below. The defendants below tendered a bill of exceptions, which was removed into this court by writ of error.

The case was submitted to the court without argument.

*Per Curiam.* The case is imperfect in not stating whether the cattle were in *Ward's* possession or not, when taken on the execution; nor whether the conversation proved by *Marshal*, was before, or after, the levying the execution on the oxen.

We think, however, there is enough to show, that the evidence was improper, and that it may fairly be intended, that the conversation was after the judgment and execution; it was an attempt to prove and set up an antecedent sale, by the confessions and declarations of the parties, to the prejudice of the rights of a third person; nothing but the fact of the sale, derived from witnesses present at it, could be legally proved.

Judgment reversed.