## BUNBERRY *v.* BRETT.

On the trial of an issue involving the title to personal property, the admission to the defendant, before the sale, of the person through whom he claims, that the property belonged to another, is competent evidence for the plaintiff.

APPEAL from the *Elkhart* Common Pleas.

WORDEN, J.—This was an action of replevin for a span of horses, wagon and harness, by *Bunberry*, against *Brett.* Issue, trial, verdict and judgment for the defendant.

*Bunberry* owned the property; but it was claimed by the defendant, that *Bunberry* sold it to one *Hughes*, who sold it to the defendant. It appears pretty clearly from the evidence, which is before us, that *Bunberry* made a contract for the sale of the property to *Hughes* for the sum of 350 dollars, a part of which was paid down, and the residue to be paid at a future day; but that the title to the property was not to pass to *Hughes* until the payment of all the purchase-money.

On the trial the plaintiff offered to prove by competent witnesses, that *Hughes*, before the sale of the property by him to the defendant, stated that the property was not his,

and gave that as a reason for refusing to trade or sell it. This evidence was excluded apparently upon the ground that the plaintiff was not present. The rejection of this testimony was error. The defendant claimed title through *Hughes*, whose admissions, before the sale to the defendant, were competent evidence against him. *Blount* v. *Riley*, 3 Ind. R. 471; *Stoner* v. *Ellis*, 6 Ind. R. 152; *King* v. *Wilkins*, 11 Ind. R. 347.

The plaintiff, at the proper time, asked the Court to instruct the jury, in substance, that if, by the terms of the contract between *Bunberry* and *Hughes*, the title to the property was not to pass to *Hughes* until the purchase-money was all paid, *Hughes* could not sell the property so as to divest the plaintiff of his right. This charge was refused as asked, but was substantially given in the general charge of the Court, coupled with a qualifying remark to the effect, that if *Bunberry* permitted *Hughes* to hold himself out to the world as the absolute owner of the property, the purchaser buying from him without notice, *Bunberry* would be estopped from setting up his claim. No doubt *Bunberry* might, by his acts, estop himself from setting up his claim to the property, but we see nothing in the evidence from which such estoppel would arise. We think the evidence in the case hardly sustains the verdict, which, with the refusal to receive the evidence offered, and the fact that the jury may have been misled by the charge given, entitled the plaintiff to a new trial.

*Per Curiam.*—The judgment is reversed, and the cause remanded.

*Albert Heath* and *John B. Howe*, for the appellant.