Scobey *v.* Armington and Others.

A new trial will not be granted, where the evidence is conflicting, if there is enough in the record, taken by itself, to sustain the verdict.

A party can not prove his own declarations, made in the absence of the adverse party, to sustain his defence.

*Friday,*
*December* 8.

ERROR to the *Decatur* Circuit Court.

Hovey, J.—Assumpsit for an attorney's fees. Plea, the general issue. Trial by jury. Verdict for the defendants. Motion for a new trial overruled, and judgment on the verdict.

The plaintiff brings the case here on error, and insists that the judgment of the Circuit Court should be reversed, first, because it is contrary to the law and the evidence, and, secondly, because the Court admitted improper evidence on the trial.

1. As to the first point, we are not prepared to say that any error exists. The evidence is very conflicting, but there was enough introduced by the defendant, taken by itself, to sustain the verdict; and we have repeatedly ruled, in such cases, that we will not disturb the finding of the jury.

2. *Henry S. Christian,* a witness introduced by the defendants, testified, "In the case of *Corwin* v. *Redingtons* and *Armingtons,* in chancery, I was employed as the attorney of *William Armington* and *John Redington.* I drew up the answer and signed my name and the name of Mr. *Scobey,* as attorneys. When *Armington* saw Mr. *Scobey's* name associated with mine in his defence of that suit, he expressed a dissatisfaction, telling me that *Scobey* was not his attorney, &c. *Scobey* was not present."

This testimony was objected to, but the Court overruled the objection. As this suit was brought for the recovery of fees for the alleged retainer and services in the case testified to by *Christian,* the Court erred in permitting this testimony to be given to the jury. A party can not prove his own declarations to sustain his defence. The evidence

being conflicting, it is difficult for us to say what might <span style="float:right">Nov. Term,<br>**1854.**</span> have been the verdict, had this testimony been rejected.

DAVISON, J., having been concerned as counsel, was absent. <span style="float:right">THE STATE<br>v.<br>HOGG.</span>

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Scobey*, for the plaintiff.

*B. W. Wilson*, for the defendants.