WILSON and Others *v.* THE STATE on the relation of LASHLEY.

Where a constable attached certain property and placed it in the keeping of *A.*, and taxed the expense of keeping it with the costs, and collected the amount, but failed to pay it over to *A.*, it was *held*, that *A.* could not have an action upon his bond to recover it.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was an action commenced before a

justice of the peace, against *Wilson*, a constable, and his sureties, on his official bond. The bond is thus conditioned: "If the said *Wilson* will safely keep, and punctually pay over to the proper persons or authority, all moneys which he shall receive or collect, or which shall, in anywise, come into his hands by virtue of his office, and shall in all other respects discharge all his duties as such constable," then the obligation was to be void, &c.

The breach assigned is, that, by virtue of a writ of attachment, at the suit of *John M. Maxwell*, against one *Lewis G. Collins*, the said *Wilson*, as constable, seized one hundred and twenty head of sheep, the property of *Collins*, which he, the constable, placed in the custody and care of one *Charles May*, to be by him kept and maintained, and that he, *May*, did keep and maintain them for the space of twenty days, for which care and maintenance he was entitled to at least 20 dollars, as costs, chargeable in said attachment suit, and therein taxed as costs.

It is averred that *May*, on the 16th of *December*, 1856, assigned his claim thus stated to *Alfred Lashley*, the relator, who, before the commencement of this suit, demanded it of the constable.

The justice gave judgment for the defendants, and the plaintiff appealed.

In the Circuit Court, there was a finding in favor of the plaintiff, and the Court having refused a new trial rendered judgment, &c.

The evidence shows that *May*, before the sheep were delivered to him, asked *Wilson*, the constable, where he, *May*, would get his pay for keeping them, when *Wilson* replied that the law allowed for such keeping, and that he would tax it up with the costs; and that to an execution issued upon a judgment in said attachment suit, *Wilson*, the constable, made the following return: "I return this execution, having levied on one hundred and twenty head of sheep, and having kept the same for twenty days, feeding them on corn. For keeping sheep, 20 dollars. Service, 28 cents. Mileage and return, 85 cents. Advertising, 15 cents. The whole, 21 dollars, 28 cents. *Edwin R. Wilson*,

constable." And further, it was proved that *Maxwell*, the plaintiff in the attachment suit, paid the constable the costs for keeping the sheep.

Upon this evidence, *May*, having at the instance of the constable taken and kept the property, is, no doubt, entitled to a compensation; but the inquiry arises—is he so entitled against the constable and his sureties?' Here the property was seized by writ of attachment, and the statute in reference to that writ provides, whether the proceeding be instituted in the Circuit Court, Common Pleas Court, or before a justice, that "the necessary expense of keeping the attached property" shall be allowed to the officer who executes the writ, "to be paid by the plaintiff, and taxed in the costs." 2 R. S. pp. 67, 72, §§ 174, 196.

Under these provisions, it is evident that the expenses of keeping such property must be allowed "and taxed in the costs," to the officer who levies the attachment. And the result seems to be, that, in point of law, the costs thus taxed up are his own, and that he may dispose of them at his option. If this exposition be correct, and we think it is, the state in the present case, having founded her action upon the constable's official bond, cannot recover; because in favor of *May*, who kept the property, the law did not authorize any taxation of costs. Indeed, he was the mere employé of the constable, who was personally liable to him for the service which he performed. And, consequently, the failure of that officer to pay over to *May*, constituted no breach of the condition of the official bond.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*O. P. Morton* and *J. F. Kibbey*, for the appellants.
*M. Wilson* and *C. H. Burchenal*, for the state.