Nov. Term,
1860.

LANE
v.
THE STATE.

*J. E. McDonald*, Attorney Genl. and *A. L. Roache*, for the State.

---

## LANE *v.* THE STATE.

*Quære:* Whether on the trial of a party on an indictment for passing counterfeit gold coin, proof of his having in his possession and attempting to conceal counterfeit bank notes, is admissible to establish the *scienter*.

An objection to the admission of such testimony on the ground that on the trial of the defendant for passing gold coin, it was not admissible to prove that he had, or passed, paper money, does not properly raise the question as to the admissibility of proof of the contents of such bills.

*Friday,*
*January* 24.

APPEAL from the *Hamilton* Circuit Court.

PERKINS, J.—This case involves the points decided in *McGregor* v. *The State*, at this term (*ante*, p. 9), and one other in addition. This latter is all that will be now examined.

The Court, on the trial of the defendant for passing a counterfeit gold piece, permitted proof, with a view to the *scienter* of the fact that the defendant had in his possession, and attempted to secrete, counterfeit bank notes.

This evidence is objected to on two grounds. 1. Irrelevancy. 2. Because the bills were not produced, or notice given to produce them. We incline to think the evidence was relevant, but do not decide the point. This Court decided, in *McCartney* v. *The State*, 3 Ind. 353, that on the trial of an indictment for passing a counterfeit bank bill, evidence of the possession by the defendant of counterfeit bills on other banks than that on which the bill described in

the indictment purported to be, was admissible. The principle acted upon in that case would admit the evidence objected to in this. The case of *Stalker* v. *The State*, 9 Conn. 341, is not in point, because there the paper, evidence of which was excluded, was not shown to be a counterfeit bill. But, as will appear from what we are about to say, the question is not necessarily before us. The second ground of objection, as taken below, is answered by what has been said above, and by the case of *Armitage* v. *The State*, 13 Ind. 341. The record recites the evidence as follows: "That at or about the time the defendant was arrested on the charge in the indictment, he came into the shop of witness, held his pocket book behind him, and threw out of it, and behind the counter, a ten dollar paper bank bill, and handed to witness a five dollar bank bill, telling witness to take it, or it would get defendant into a "hell of a scrape."

The defendant objected to this evidence, "on the ground that on the trial of a defendant for passing gold coin it was not permissible, for any purpose, to show that the defendant had or passed paper money."

The objection, thus taken, did not raise the point as to proving contents of bills not present; nor can that point be raised here; both because it is too late, and because the facts testified to do not involve it. The witness said nothing about the character or contents of the bills in question. He was detailing the conduct of the defendant at his arrest, and his words, as part of the *res gesta*. On the other points, we are satisfied with the opinion in *McGregor* v. *The State, supra*.

*Per Curiam.*—The judgment below is affirmed, with costs.

*W. R. Pierse* and *H. Craven*, for the appellant.