## BRADLEY SEARS *vs.* JAMES E. HAYT.

Evidence of plowing and cultivating a field by the owner, to disprove an alleged right of way across the same by prescription :—Held that the declaration of the owner while plowing, that the party claiming the right of way had no such right, but only used the same by the owner's permission, was admissible as part of the *res gestæ*, not to prove the truth of the assertion, but as showing that the act of plowing was the assertion of a right inconsistent with the alleged right of way.

TRESPASS *qu. cl. fr.,* brought to the Superior Court in Fairfield County, and tried to the jury, upon the plea of right of way, before *Loomis, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the admission of evidence. The case is sufficiently stated in the opinion.

*Beardsley* and *White,* in support of the motion.

*Taylor* and *Sanford,* contra.

CARPENTER, J. The question before the jury was, whether the defendant had acquired a right of way by prescription over the land of the plaintiff. The plaintiff's wife inherited the land from her father, Stephen Norris. The plaintiff denied that the defendant had any right of way, and offered evidence to prove that the use by the defendant, and those under whom he claimed, had been interrupted on two occasions by the said Norris, by plowing up the entire passway claimed by the defendant, and planting corn thereon, thereby

causing an interruption of the use of the way by the defendant; that on one of these occasions, while plowing across the way, the witness asked Norris what right the defendant had over the same, and Norris replied, "that he had no right of way, but only used the same by his, Norris's, permission." The reply of Norris was objected to, and the court rejected it, so far as it was offered to prove the fact that any such permission had ever been given, but allowed the declaration accompanying the act of plowing the way to go to the jury, in order to characterize the act as an interruption of the alleged right of way by the owner of the *locus in quo*, under a claim of right. The correctness of this ruling is the question in this case.

After some hesitation we have come to the conclusion that the evidence was admissible to the extent and for the purpose for which it was received. The act of plowing and cultivating the ground over which the alleged way passed was an important fact in the case. Unexplained, it constituted an interruption of the use, and was evidence tending to prevent the acquisition of a right. It was in itself an assertion of a right to cultivate the ground, and, impliedly, a denial of the right of the defendant, or those under whom he claimed, to pass over the same. The declaration as received only tended to give that effect to the act, and to that extent only did it characterize or qualify it. We cannot perceive that the declaration added much, if anything, to the force of the act, and for that reason perhaps was unnecessary. But if the plaintiff insisted upon it, we think he had a right to have it go to the jury for the purpose of showing more emphatically that Norris did not at that time acquiesce in the claim that others had a right of way over the premises.

There should be no new trial.

In this opinion the other judges concurred; except PARK, J. who dissented.