COLLINS ET AL. *v.* GROSECLOSE.

SET-OFF.—*Tort.*—In an action for a breach of duty and negligence, no set-off is allowed.

NEGLIGENCE.—Where a person was engaged in threshing wheat with a steam threshing machine, under a contract therefor with the owner of the wheat, and said owner temporarily left the field, and while he was absent the wind increased so that there was danger of firing the stacks of wheat, if the work was continued, and it would so appear to an ordinarily prudent man, it was the duty of said person running the machine to stop, and it was such carelessness in him not to do so, as to render him liable for the burning of the stacks, if the burning resulted from continuing to run the machine.

VERDICT.—Where there is evidence to support a verdict, the Supreme Court will not, upon the evidence, disturb it.

APPEAL from the Shelby Circuit Court.

OSBORN, J.—This was an action brought by the appellee to recover damages for the alleged negligence of the appellants in threshing his wheat. The complaint was in three paragraphs, in each of which it was alleged that the appellants were the owners of a steam threshing machine; that they contracted with the appellee to thresh his wheat for hire, at a price stated; that they entered upon the performance of their contract, and that by reason of the defects of

Collins *et al. v.* Groseclose.

the machinery, the carelessness and negligence of the appellants in setting, running, and operating the same, his wheat was destroyed by fire, without his fault. Separate demurrers were filed and overruled to each paragraph of the complaint, and the rulings on the demurrers excepted to. An answer of four paragraphs was then filed. The first paragraph was the general denial. The fourth was a set-off for threshing wheat, to which a demurrer was filed and sustained, and the ruling excepted to; replications in denial were filed to the second and third paragraphs of the answer.

The action was instituted in the Court of Common Pleas of Johnson county, in which court the issues were formed and one jury trial had, resulting in the failure of the jury to agree. The cause was then, by agreement, transferred to the circuit court of the county, where another jury trial was had, with another failure to agree. The venue was then changed to the Shelby Circuit Court, where the cause was tried by a jury, and a verdict rendered for the appellee for five hundred dollars. The appellants filed a motion for a new trial, and in their motion set out the following grounds therefor:

First. That the court rejected certain evidence offered by the defendants on the trial, to which defendants excepted at the time.

Second. That the court admitted certain evidence offered by the plaintiff, and which was objected to at the proper time.

Third. That the evidence does not sustain the verdict, and that the verdict is contrary to the evidence.

Fourth. That the court erred in giving charges to the jury.

The motion was overruled, exceptions taken, and judgment rendered on the verdict.

Errors are assigned for overruling the demurrer to the several paragraphs of the complaint, for sustaining the demurrer to the fourth paragraph of the answer, and for overruling the motion for a new trial.

The court committed no error in sustaining the demurrer

to the fourth paragraph of the answer.   The action was not on the contract, but on account of a breach of duty and negligence, and in such case no set-off is allowed.   2 G. & H. 88, sec. 57; *The Indianapolis, etc., Railroad Co.* v. *Ballard,* 22 Ind. 448.

The appellants have not pointed out any defects in the complaint, and we have failed to find any.   It is alleged in each paragraph that the defendants undertook for hire to thresh the wheat of the plaintiff with a machine propelled by steam power; that by reason of the unsound and unfit condition of the machinery, and the carelessness and negligence of the defendants, and without the fault of the plaintiff, fire escaped from the machine or smoke-stack and burned up and destroyed his wheat, of the value of seven hundred dollars.

The appellants have assigned for error that the court erred in charging the jury, but have failed to point out wherein the charge is erroneous, except they claim that the court failed to leave the whole question of negligence to the jury, and assumed to charge that the supposed negligence was matter of law.

If the court did make any such assumption, the appellants cannot complain of it.   The jury were told that in reference to several charges of negligence against appellants, there was no evidence before them to support the charges. If that was true, it was the duty of the court to so charge the jury.   As to all other matters, we think they were fairly submitted to the jury.   They were told that "negligence must have been proved to you, or you cannot find for the plaintiff.   Negligence, as applied to this case, is want of ordinary care, and if the injury happened from it on the part of the defendants, and if the plaintiff was himself without fault, the plaintiff may recover."   They were also told that there was no evidence of any negligence on the part of the defendants in failing to provide means to protect surrounding objects from fire; that it was as much the duty of the plaintiff to provide such means as of the defendants; that

there was no negligence of the defendants in running the machine; that the plaintiff furnished wood, and if it produced, in burning, more sparks, or more dangerous sparks, than other proper fuel would have done, he could not complain; that the plaintiff could not make the continuance of the threshing after an increased wind a ground of complaint, if he or his agent was present; that if he went away with a load of threshed wheat, leaving no one as his agent to direct about the work during his absence, and if during such absence the wind increased beyond what it was when he was present, and to such a degree that an ordinarily prudent man would have considered it plainly unsafe to continue threshing, and the firing and destruction of the stacks was occasioned by such continuance, the defendants might be liable, although the plaintiff made no objection to the continuance.

We see no error in the charge. If the plaintiff temporarily left the field, and whilst he was absent the wind increased so as to render it dangerous to continue the work, and it would so appear to an ordinarily prudent man, it was the duty of appellants to stop; and it was such carelessness for them to continue threshing after that, in the absence of the owner of the wheat, that they ought to be held responsible for the damage resulting from it.

The jury were told that it was not carelessness to continue to run the machine during the absence of the appellee simply because he was absent. The carelessness consisted in continuing to run it in his absence after the danger was increased as above stated. The jury could not fail to understand the distinction.

The evidence in the cause is somewhat contradictory and not altogether satisfactory. But the witnesses were before the jury and the judge, before whom the cause was tried. They could judge of the weight and reliability of the evidence better than we can by simply reading it. The charge of the court is before us. It was full and fair on all questions which it was necessary for the jury to pass upon, to

enable them to form a just and proper conclusion. There is evidence to support the verdict, and we will not disturb it. *Scobey* v. *Armington*, 5 Ind. 514; *Kile* v. *Chapin*, 9 Ind. 150, and numerous other authorities.

The record does not show any proper exceptions to the action of the court in admitting or rejecting evidence on the trial; consequently we cannot consider either of those questions.

The judgment of the said Shelby Circuit Court is affirmed.

*M. M. Ray*, *D. D. Banta*, and *C. Byfield*, for appellants.

*S. P. Oyler*, *D. Howe*, *G. M. Overstreet*, and *A. B. Hunter*, for appellee.