J. H. COBB, ADMINISTRATOR, v. WILSON, LEES & CO.

SET-OFF.  *Assumpsit.  Tort.*
 In an action of *indebitatus assumpsit*, by a clerk against a store-keeper for the
 value of his services, the employer cannot set-off a demand for money lost
 from the cash drawer, owing to the clerk's negligence.

APPEAL from the Circuit Court of Tishomingo County.
Hon. J. W. BUCHANAN, Judge.

This was a suit on an account for $54, brought in a justices'
·court by R. B. Cobb against the appellees.  They pleaded,
as an off-set, an itemized account for $56 goods furnished the
plaintiff, and their account closed with this item :  " Dec. 18,
1880, To cash, $100."  The credits were $49 in work, $1 in
cash, and $60 in cotton.  All the items were admitted in both
accounts, which were identical, saving the $100 item of set-

off, which was contested. The firm appealed from a decision against them by the justice, and Cobb having died, the suit was revived in the appellant's name in the Circuit Court, which thereupon allowed the $100 off-set, and gave judgment for the appellees.

Touching this $100, the testimony was that R. B. Cobb was the appellee's chief clerk and had the key to their money-drawer, that in the partners' absence he thought that he took in a $100 bill, and that by some error this bill was paid out as change; that he made immediate efforts to recover the bill, both from Lees, one of the firm, who had been to the drawer, from other clerks who had been there, and from customers; but the money, if it was ever really paid in, had been lost beyond recovery.

*Calhoon & Green*, for the appellant.

If the clerk embezzled the money or lost it by gross negligence, this was not the basis of an offset. Tort cannot be set-off against a suit on contract. The ground of the cross-action is unliquidated damages. *Whitaker* v. *Robinson*, 8 Smed. & M. 349. No case of mutual dealings is shown. The defendant cannot avail of this by waiving the tort and suing thus in *assumpsit*, and recoupment is only a defence.

*J. B. Reynolds*, on the same side.

*Whitfield & Young*, for the appellees.

*Assumpsit* was the proper action for the money, and even if the taking had been tortious, the party could waive the tort. *Hunt* v. *Shackelford*, 55 Miss. 94. The clerk's liability arose not from a tort, but from the breach of his contract to keep the money safely and account therefor. Whart., on Ag. sect. 279. It was his duty to account for the money, which he might have done by showing its loss or destruction without his fault; but he has not done this.

COOPER, J., delivered the opinion of the court.

The demand of the appellees is not such as may be availed

of as a set-off in this suit. Their right is to pursue the plaintiff in an independent action for the negligent performance by his intestate of the duties incident to his employment. Neither debt nor *indebitatus assumpsit* could be maintained; but resort must be had to a special action in the case. *Collins* v. *Gronclore*, 40 Ind. 414; *Martin* v. *McAllister*, 2 Yerg. 111; *Gillett* v. *Mawman*, 1 Taunt 137; *LeLoir* v. *Bristow*, Campb. 134.

Judgment reversed.