Creighton v. Hoppis et al.

No. 11,266.

CREIGHTON v. HOPPIS ET AL.

DEED.—*Mortgage.—Evidence.— Witness.—Declarations of Party in Possession.—*
*Vendor and Vendee.*—In ejectment by the grantee against the heirs of the
grantor, it was in question whether the deed was intended as a mortgage.
It was in proof that the grantor remained in possession, erected buildings
and insured them, and made other improvements.

*Held*, that the declarations of the grantor, while negotiating for said build-
ings, insurance, and while making improvements, concerning the acts
so being done, were proper evidence for the defendants, so far as they
tended to characterize such acts.

*Held*, also, that the grantee and his wife were not competent witnesses.

From the Kosciusko Circuit Court.

*H. S. Biggs, W. S. Marshall* and *D. Turpie,* for appellant.
*J. S. Frazer, W. D. Frazer, L. H. Haymond* and *L. W.
Royse,* for appellees.

ELLIOTT, C. J.—In February, 1870, Wesley Creighton
and his wife executed to the appellant a deed for a tract of
land. Since the execution of that instrument Wesley Creigh-
ton has died, and his widow has married Solomon Hoppis,
her co-appellee. The instrument is in form and terms an ab-
solute deed of conveyance, and the appellant asserts title
under it as such. The appellees contest the right of the ap-
pellant to possession, upon the ground that although the deed
is absolute on its face, yet it was, in fact, nothing more than
a mortgage.

The grantors remained in possession of the land, and Wes-
ley Creighton during his life made improvements upon it.
The appellees had a right to prove that permanent improve-
ments were made by the deceased, because the act of improv-
ing supplied some ground for inferring that he was in posses-
sion as owner, and was not there at the sufferance of the person
to whom he had executed a deed. The bare possession was
of itself some evidence of ownership, and this evidence was

VOL. 99.—24

strengthened by proof of the making of permanent improvements. The act of improving was one proper to be proved.

Possession by the person who has executed an instrument, purporting on its face to be an absolute conveyance of land, is in its nature equivocal, for it may be that he was in possession as tenant, or as a mortgagor, or by the mere sufferance of the grantee. As the possession may be equivocal, it becomes material to show its true character, and, in order to show this, what was done by the person in possession may be proved. The character of the possession may be determined in part from the acts of the person in possession. Of course, a grantor can not defeat his conveyance by mere evidence that he made improvements, but for the purpose of assisting in determining the true character of the conveyance and possession, it is competent to prove acts evidencing ownership. Acts of ownership performed without the knowledge of the grantee in a conveyance will not defeat his rights. They may, however, be properly given in evidence for the purpose of enabling the jury to ascertain the character of such rights.

We assume, on the strength of what has been said, that the acts of Wesley Creighton, done while in possession, were competent for the purpose of aiding the jury in determining the nature of the possession and the character of the conveyance.

It is the general rule that where an act is competent, so also are the declarations accompanying the act. It was said by Professor Greenleaf: "But no reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the claimant's title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestæ*; leaving its effect to be governed by other rules of evidence." 1 Greenl. Ev. (14th ed.), section 109. In a note to the text it is said: "Such declarations are now generally admitted." In *Sheaffer* v. *Eakman,* 56 Pa. St. 144, it was said: "The character of a possession may always be shown by contemporaneous declarations of the tenant." A like ruling was made in *Jackson* v. *Bredenbergh,*

1 Johns. 159, where it was said : " But for another purpose, the declarations of Mrs. Punderson were clearly evidence, namely, to show in what character, or with what intent, she entered, and held possession of the premises in dispute." After quoting from 1 Coke's Institutes, 374, *a*, the Supreme Court of Connecticut said: " This ancient rule of the law necessarily implies, that the acts and declarations of the occupant are good evidence, to demonstrate the character and intent of the possession." *Williams* v. *Ensign*, 4 Conn. 456. Of a like import was the language of the court in *Thomas* v. *Wheeler*, 47 Mo. 363, where it was said: " The declarations or admissions of one in possession of property, explanatory of his possession—as that he holds it in his own right, or as a tenant or trustee of another—are admissible evidence because they explain the character of his possession. *Darrett* v. *Donnelly*, 38 Mo. 492, and cases cited. The declarations here made, cotemporaneous with the possession and while it continued, were also admissible as part of the *res gestæ*. *Boyden* v. *Moore*, 11 Pick. 363."

The question of the competency of evidence of declarations, made by one in possession at the time of doing an act on the land, was carefully discussed in *Downs* v. *Lyman*, 3 N. H. 486, and the court thus expressed the rule : " The rule of law is, that where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and the intention of the person, who did the act, proof of what the person said, at the time of doing it, is admissible in evidence, for the purpose of showing its true character." In *Turpin* v. *Brannon*, 3 McCord, 160, it was said: " But the declarations of a party when accompanied by an act may be received as explanatory of that act, as constituting a part of the *res gestæ*." In the following cases like statements of the rule will be found: *Kirkland* v. *Trott*, 66 Ala. 417; *Sears* v. *Hayt*, 37 Conn. 406; *Stephens* v. *Williams*, 46 Iowa, 540; *Amick* v. *Young*, 69 Ill. 542; *Sheaffer* v. *Eakman*, 56 Pa. St. 144; *Hunnicutt* v. *Peyton*, 102 U. S. 333; *Abeel* v. *Van Gelder*, 36 N. Y. 513;

*Swettenham* v. *Leary*, 18 Hun, 284. Our own cases recognize and enforce the rule. *Lane* v. *State*, 16 Ind. 14; *Boone County Bank* v. *Wallace*, 18 Ind. 82; *McConnell* v. *Hannah*, 96 Ind. 102.

In the cases cited by the appellant the evidence consisted of naked declarations unaccompanied by any act, and in such cases a very different rule obtains. We do not hold, nor mean to hold, that declarations unaccompanied by an act are admissible; on the contrary, we understand the rule to be against their admissibility. Nor do we hold that declarations accompanying an act are competent, where the act itself can not be proved, but we do hold that where the act is competent, so also are the declarations made at the time it was performed. Even in such cases, it is only declarations explanatory of the act and immediately connected with it that are admissible.

Narratives of a past transaction, although given at the time an act is done, are not competent. In order that the declarations may be competent, it must appear that they relate to the thing then done, and that they have a direct connection with it.

It is not necessary that the declarations should be made while the claimant is actually on the land; it is sufficient to establish their competency, if it appears that they were made in connection with some act relating to the character of the possession. This is expressly ruled in the cases of *Abeel* v. *Van Gelder, supra, Swettenham* v. *Leary*, 18 Hun, 284, *Smith* v. *McNamara*, 4 Lans. (N. Y.) 169. In the case before us the declarations objected to most earnestly were made while Wesley Creighton was at a neighboring town, but while he was still in possession of the land, and negotiating for building a house on it, and were, under the rule laid down in the cases cited, clearly admissible.

Declarations made by Wesley Creighton when he applied for a policy of insurance were admitted in evidence, and we

think.there was no error in this ruling, for it appears that he was in possession of the land at the time, that the declarations concerned the property and were explanatory of the possession.

It is not for the court to determine the weight of evidence, for, if the evidence is at all material, it must be admitted if it is otherwise competent. *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205). The weight to be attached to declarations such as those given in evidence in the present instance was a question for the jury or the court trying the case. Of themselves, they are not sufficient to overthrow a deed, or transform an absolute conveyance into a mortgage, but are proper evidence to be considered in connection with other facts and circumstances.

The action was prosecuted against the heirs of a deceased person, and the plaintiff was not a competent witness as to matters which occurred prior to the death of the ancestor.

Where the husband is not a competent witness, the wife is not. R. S. 1881, section 501.

There was evidence fairly tending to support the verdict, and that requires us to decline to disturb it. Affirmed.

Filed Sept. 27, 1884.

### On Petition for a Rehearing.

ELLIOTT, J.—In the argument of appellant's counsel, on the petition for a rehearing, is this quotation: "The admissions of a party are evidence against himself, whether made in connection with an act done or not, but a party can not, as a general rule, prove his own statements as evidence for himself." *Scobey* v. *Armington,* 5 Ind. 514; *Denman* v. *McMahin,* 37 Ind. 241. Many authorities are cited in support of this statement of the law. The work of counsel was entirely superfluous, for we stated this general rule in our former opinion quite as broadly as any case cited by counsel states it. In no particular did we impugn the correctness of this general principle. What we did decide is that where a

grantor is in possession, and does acts while in possession evidencing ownership, his declarations accompanying and connected with those acts are competent evidence. We put our decision upon the ground that where an act is itself competent, so also are the declarations made at the time it was performed. In doing this we opened no new path, but followed one long since laid out and trodden by many courts. Not one of the many cases now cited by counsel controverts this doctrine.

Possession is an act indicative of ownership, and acts done while in possession evidencing ownership are competent, and the rule is a universal one that where the acts are competent evidence, so also are declarations made while performing them. Of course, the declarations of a grantor, not made while in possession or while engaged in the performance of an act, are not competent in impeachment of his grantee's title. It is true that the deed of the appellees' deceased ancestor *prima facie* conveyed full title, because it was absolute on its face. *Pierson v. Doe,* 2 Ind. 123. But it is equally true that such a deed may be shown to be a mortgage, and one fact tending to show this is that the grantor retained possession. Counsel concede this to be true, but assert that the rule applies only where the possession is adverse. In thus limiting the rule counsel are in error. Possession by the grantor is an act tending to show ownership, and, as such, is competent; therefore, the declarations accompanying acts explaining and exhibiting the principal act of possession are also competent. We do not deem it necessary to again comment upon the authorities cited in our former opinion, for they are there fully discussed.

The case of *Doe v. Moore,* 4 Blackf. 445 (30 Am. Dec. 666), belongs to an entirely different class. There the declarations sought to be introduced in evidence were not accompanied by an act evidencing ownership, but were statements rehearsing a past transaction. The difference between that case and this is essential. In that case there was no act accompanying the

declarations, and they merely recited a past occurrence, while here the declarations accompanied an act, and were not mere narratives of past occurrences. Both acts and declarations were things of the then present, and not things of the past.

It can not be granted that the appellees could not be permitted to prove these acts and declarations until they had established the fact that the instrument was in truth a mortgage, for it was enough that there was evidence tending to show that fact. When such evidence was introduced, then the appellees had a right to strengthen it by evidence of their ancestor's acts and concurrent declarations. If it were true, as counsel assert, that the appellee was not entitled to introduce evidence of acts and declarations until after they had fully proved that the instrument was a mortgage, there would be no need for them, for the case would be fully made out without them. We need not decide what the rule would be, if the instrument were conceded to be an absolute deed, for the case before us belongs to a class which forms a bold exception to the general rule that a written instrument can not be contradicted by parol evidence.

Petition overruled.

Filed Jan. 7, 1885.