Hickman *et al. v.* The State, *ex rel.* Bartholomew.

Filed May 12, 1891.

———————— ◆ ————————

No. 95.

HICKMAN ET AL. *v.* THE STATE, EX REL. BARTHOLOMEW.

CONSTABLE.—*Action on Bond.*—*Liability for Expense in Caring for Property Taken on Execution.*—An action will not lie on the bond of a constable to recover for services rendered in caring for property levied upon by him, whether the levy be rightfully made upon the property of the execution defendant, or wrongfully upon the property of a third person.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.
*W. Neal* and *R. P. Neal,* for appellee.

REINHARD, J.—This was an action by the State on the relation of Bartholomew against Hickman, a constable, and his sureties, Manace and Ogle, on his official bond. The breach assigned is that, by virtue of an execution in his hands against one William Bishop and in favor of one

Franklin C. Moore, he wrongfully levied on a certain stallion, the property of Ellen Bishop, and placed it in the hands of the relator, who was a livery stable keeper, to be kept and cared for until disposed of according to law; and that the relator did keep and care for said stallion, at Hickman's request, for which he was entitled to recover the amount claimed.

A demurrer by the sureties to the complaint was overruled and an exception taken, and this ruling is assigned as error.

The appellants jointly assign as error, also, that the complaint does not state facts sufficient to constitute a cause of action.

The case was placed at issue and tried by a jury, resulting in a verdict and judgment in favor of the appellee. A motion for a new trial was made and overruled, which is also assigned as error.

The record properly presents the question of the correctness of the ruling of the court on the demurrer to the complaint.

It is insisted by the appellant that an action will not lie against a constable and his sureties for taking care of property levied on by him by virtue of an execution in his hands, whether the levy be rightfully made upon the property of the execution defendant, or wrongfully upon the property of a third person.

In the case of *Wilson* v. *State*, 13 Ind. 341, which was a suit on a constable's bond, the officer had levied a writ of attachment on certain property of the attachment defendant, and placed it in the keeping of the relator, and taxed the expense of such keeping as costs in the case. He afterwards collected this cost but failed to pay it over to the relator. The court held there could be no recovery. After citing the statute, which in such cases provides that the expense of keeping the attached property shall be allowed to the officer who executes the writ, " to be paid by the plaintiff and taxed

in the costs," the court proceeds to say : " Under these provisions, it is evident that the expenses of keeping such property must be allowed ' and taxed in the costs,' to the officer who levies the attachment. And the result seems to be, that in point of law, the costs thus taxed up are his own, and that he may dispose of them at his option. If this exposition be correct, and we think it is, the State in the present case, having founded her action upon the constable's official bond, can nòt recover; because in favor of May, who kept the property, the law did not authorize any taxation of costs. Indeed, he was the mere employee of the constable, who was personally liable to him for the service which he performed. And, consequently, the failure of that officer to pay over to May, constituted no breach of the condition of the official bond."

The appellee seeks to make a distinction between the case cited and the one under consideration. He insists that in the case at bar the levy was made upon the property of a third party instead of that of the execution defendant, as in the case from which we have quoted, and that as the levy itself was unlawful, the bond will be liable not only for the act of making a wrongful levy, but for the expense of taking care of the property also.

We confess our inability to see the force of this distinction. If the officer and his sureties are not liable on the bond for the expense of keeping property lawfully seized under a levy, it is not apparent how an action on the bond will lie for the expense of caring for property which was wrongfully taken, and was not subject to levy at all.

The case cited was a stronger case in favor of the liability of the bond than the one in hand. There the constable had actually collected the money, it having been paid to him as costs in the case, and failed to pay it over to the party who had had the care of the property. It would seem that there was some apparent reason for holding the officer and his

bondsmen liable for the failure of the former to pay over that which in equity belonged to the relator. But as the law had made no provision for taxing the costs in favor of the one who had cared for the property, the court properly held that such costs belonged exclusively to the constable, to dispose of as he saw fit, and that the only liability there was by him to the relator was an individual one, and hence the action on the bond could not be maintained.

There can be no difference in principle between the keeping of such property and rendering any other services for an officer; and the sureties on an official bond of a sheriff, or constable, are not liable for services rendered at his request. Brandt Suretyship, section 454; *People* v. *Pennock,* 60 N. Y. 421.

We think the court erred in overruling the appellants' demurrer to the complaint, and we also think the complaint does not state facts sufficient to constitute a cause of action, even against the principal. The action should have been against the constable individually, and not on the bond.

The judgment is reversed, at the costs of the relator, and the cause is remanded to the court below, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this decision.

Filed May 28, 1891.