### FRONCKOWIAK et al. v. PLATEK et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

EASEMENTS (§ 8*)—ACQUISITION—ADVERSE USER.

> A husband and wife purchased a lot and erected a building thereon. Subsequently the husband acquired title to the adjacent lot, and thereafter he erected an addition to the building, extending over the adjacent lot, and connected with the addition were outhouses. All the buildings were used together and occupied continuously by the husband and wife for over 20 years until his death, and by the wife until her death about 4 years later. Held, that the right to occupy the adjacent lot for the several buildings, constituting in fact one building, ripened by adverse user into an easement, and a purchaser of the adjacent lot with knowledge of the facts acquired title subject to the easement.

> [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 23, 24, 33; Dec. Dig. § 8.*]

> Foote, J., dissenting.

Appeal from Trial Term, Erie County.

Action by Magdalena Fronckowiak and others against John Platek and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

John T. Ryan, for appellants.
George E. Pierce, for respondents.

―――――――

SPRING, J.  On the 29th day of July, 1881, Bartholomew Karalus and Katarzyna, his wife, and who had intermarried in 1866, purchased a lot at the southwest corner of Peckham and Wilson streets in the city of Buffalo, with a frontage on the former street of 25 feet, and extending southerly along the westerly side of Wilson street 100 feet.  They erected a building facing Wilson street on the southerly side of this lot, which they used as a saloon, grocery, and dwelling house.  In August, 1881, Bartholomew Karalus acquired title to a lot immediately adjacent on the south of the first purchase, with a frontage on Wilson street of 20 feet and extending west 53 feet. These two lots were inclosed with a fence and thereafter used and occupied as one tract.  Shortly after this last purchase Karalus erected an addition to the building, extending it to the south over the second lot about 7 feet the entire side of the building.  Connected with this addition were a shed, outhouses, and a large woodshed.  These buildings were all used together and occupied continuously by these people until the death of the husband, intestate and without descendants, in 1906; and thereafter the wife continued the possession until her death in March, 1910.  She left no descendants.  She executed a will and devised her property to the plaintiffs, which will was duly admitted to probate.

Upon the death of Mrs. Karalus an action of partition was commenced by one of the heirs at law of Bartholomew Karalus against the other heirs.  Karalus in 1882 had purchased another lot south of the second parcel mentioned, with a frontage on Wilson street, which parcel had been used by him independently of the two tracts first purchased.  The two southerly tracts were sold in pursuance of the judgment in partition, and purchased by the defendants, who for more than 30 years had lived on the lot adjoining these premises. This action was commenced by the plaintiffs, demanding judgment barring the defendant of all right and possession to said parcel 2 bought by him on the partition sale.  An amended answer was served, setting up the defendant's title acquired in the partition action, and a reply was thereupon served, alleging an easement in the plaintiffs by reason of the fact of the long user by Bartholomew Karalus and his wife in parcel 2 as appurtenant to the first parcel.

During the possession of the Karaluses from 1883, the second tract was assessed separately, except for two years; and to Bartholomew and his wife only in 1901 and 1902 the assessment appears on the roll to him.  The plaintiffs, as the devisees of Katarzyna Karalus, claim that they are entitled to an easement in the second parcel, at least to the extent of the buildings which formed the common property of the husband and wife, and which are inseparably connected, and all had been used together continuously and notoriously for nearly 30 years prior to the commencement of the action.

We must start with the assumption that both Bartholomew and Katarzyna knew that upon the death of one the survivor would be vested with the absolute title to the first lot acquired, and that the wife had no title to the second tract.  With that knowledge Bartholomew of his own motion participated in building these additions upon

his own land and in their continued occupation as a part of the homestead property. He thus assented to making that lot, so far as appropriated, servient to the main and more important tract. He was parting with an interest in his premises, realizing that it inured to the benefit of the larger piece and might in time become so attached as to be permanently affixed to it, and to the advantage of his wife, if she outlived him. I think the long occupancy in connection with the first lot, openly, notoriously, and continuously, ripened by adverse user into a definite easement, and that the presumption of a grant is conclusive therefrom. Colburn v. Marsh, 68 Hun, 269, 22 N. Y. Supp. 990, affirmed on opinion of court below 144 N. Y. 657, 39 N. E. 857; Hey v. Collman, 78 App. Div. 584, 79 N. Y. Supp. 778, affirmed 180 N. Y. 560, 73 N. E. 1125; Fritz v. Tompkins, 168 N. Y. 524, 61 N. E. 893. The rule is stated in this language in Winne v. Winne, 95 App. Div. 48, at page 50, 82 N. Y. Supp. 647, at page 648 (affirmed 184 N. Y. 584, 77 N. E. 1198):

"Where the owner of land has, by any artificial arrangement, effected an advantage for one portion, to the burdening of the other, upon the severance of the ownership the holders of the two portions take them respectively charged with the servitude and entitled to the benefit openly and visibly attached at the time of the conveyance."

The wife, equally with the husband, contributed to the cost of erecting these additions. With him she paid the taxes on this 20-foot strip. They were acting for the mutual benefit of the two lots. She was willing to contribute to the building and maintenance of these additions, and he was willing that they should be appurtenant to the main premises. If the situation were presented between the husband and the wife, he would at this late day be estopped to repudiate his affirmative acts in affixing these buildings to the store and dwelling on the lot they owned as tenants by the entirety. The defendants are in no better situation than would Bartholomew Karalus be. Platek lived in an adjoining lot, and knew the buildings were used all together. He saw them when he purchased, and took his chances on the validity of his title.

The part of the building, for the various additions are so attached as to constitute one building, cannot now be severed without materially diminishing the value of the first tract purchased. Bartholomew Karalus understood that when he built the additions. He did not expect that they would be torn apart. The substantial character of the part added, its necessity for the beneficial use of the first property purchased, and the manner in which it was joined to the first building, denote that these two people intended the entire building should remain as erected as an appurtenant to the first lot. The judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to appellants to abide event. All concur, except FOOTE, J., who dissents.