MARGARET ROOT GARVIN, Claimant, *v.* THE STATE OF NEW YORK.

### Claim No. 380-A.

(Court of Claims, August, 1921.)

**Eminent domain — appropriation of lands by the state — when grant of right of way not implied — easements — contention that right of way was reserved by implication held to be untenable.**

Where a tract of land is conveyed and there is no means of access thereto or egress therefrom, except over the remaining land of the grantor, the law implies the grant of a way of necessity over such land.

A way of necessity is dependent upon an implied grant or reservation and cannot exist where there was no unity of ownership of the alleged dominant and servient estates.

One cannot have a way of necessity over the land of a stranger and necessity alone cannot create such an easement.

In 1823, the then owner of the "Garvin premises" now owned by claimant and of the property adjoining the same on the east, known as the "Whitton premises," conveyed the "Garvin premises" to one who at that time and previously was the owner of the property adjoining claimant on the west, which adjoining property had access to a highway by a bridge over the Erie canal by a route which did not involve the "Whitton premises." Later the "Garvin premises" were conveyed to two persons, one of whom was still the individual owner of the "Whitton premises." The state for Barge canal purposes not only appropriated about two acres of the "Garvin premises" but also a part of the "Whitton premises" adjoining claimant's property, and lying between it and the public highway, upon which the state constructed a new channel for an old tail race and so altered the course of the race that it crossed the appropriated part of the "Whitton premises," thus cutting off access to the unappropriated remainder of the "Garvin premises" across the Whitton parcel from the highway, and making it, without considerable expense, physically impossible to reach the Garvin property by that route without bridging and crossing the race. Upon the hearing of a claim for compensation based upon the theory that by the appropriation of the Whitton property and the construction of the tail race, the state had appropriated claimant's alleged right of way across the "Whitton premises" to his remaining property, there was a total absence of evidence that at the time of either of said conveyances there was any open, permanent, visible or apparent way existing or in use identical in location with the alleged easement. *Held,* that a contention that the way existing at the time as an appurtenance to the "Garvin premises" was transferred or reserved by implication, was untenable.

The first grantee of the "Garvin premises" having access to a highway over his other adjoining property, no way of necessity arose in favor of the "Garvin premises" upon the conveyance thereof.

Upon the conveyance of the "Whitton premises" an intention to reserve a way of necessity over the same was not to

be implied in favor of the "Garvin premises" which the grantor of the "Whitton premises" owned only in common with another.

Where by undisputed testimony it appeared that during the period from 1856 to 1915 the uses of the owners or tenants of the "Whitton premises" in various years interrupted the user of the alleged way of necessity, destroyed its continuity so that it did not cover twenty years, the claim of a prescriptive easement must fail.

Where during the alleged prescriptive period the acts and conversations between the tenant of the "Garvin premises" and the owner or tenant of the "Whitton premises" established that the user was not adverse and under claim of right but only permissive, the relationship between the occupants of the two parcels must be presumed always to have been by permission which precludes prescription.

The claimant having been shown not to be the owner of any easement or right of way over the "Whitton premises" is entitled to an award only for the appropriated part of the "Garvin premises."

CLAIM for value of land and value of an alleged easement appropriated by the state.

Charles A. Talcott, for claimant.

William L. Barnum, for Mary E. Whitton, individually, and John B. Whitton as executor, and Mary E. Whitton, as executrix, of the last will and testament of Jennie P. Tanner, deceased.

James T. Cross, deputy attorney-general, for the State of New York.

CUNNINGHAM, J.   On the 26th day of May, 1910, the claimant owned in fee a tract of land of about forty acres in the town of Whitestown, Oneida county. It was bounded on the south by the lands of the New York Central Railroad Company, on the west by lands of one Sweet, on the north by the Mohawk river, and on the east by lands of Mary E. Whitton and the

estate of Jennie P. Tanner. For brevity we will des-
ignate the claimant's property as the " Garvin prem-
ises," and the lands bounding the latter on the east
as the " Whitton premises." On that date, the state,
for Barge canal purposes and under the authority of
chapter 147 of the Laws of 1903, as amended, appro-
priated nine hundred and sixteen one-thousandths of
an acre of the claimant's tract and later, on the 17th
day of September, 1915, appropriated seven hundred
and seventy-four one-thousandths of an acre of it, the
total area so appropriated being one and sixty-nine
one-hundredths acres.

In 1915, or previously, for similar purposes, the
state appropriated a part of the " Whitton premises "
adjoining the claimant's property and lying between
the latter and the public highway extending north
from the village of Oriskany. In that year the state
constructed on the portion of the " Whitton prem-
ises " thus appropriated a new channel for an old
tail race on the latter property, and so altered the
course of the race that it crossed the appropriated
part of the " Whitton premises " northerly to the
new channel of the Mohawk river, and on a right
angle to the river. The appropriation of the " Whit-
ton premises " and the construction of the new chan-
nel of the race, cut off access to the unappropriated
remainder of the " Garvin premises," across the
Whitton parcel from the highway, it being physically
impossible to reach the Garvin property by that route
without bridging and crossing the race. This would
involve very considerable expense. The evidence is
undisputed that if the claimant owned any easement
or right of way across the " Whitton premises," and
it was appropriated by the state by the process above
set forth, the claimant's damages amounted to $1,900.

A claim for the first appropriation was filed on the

20th day of April, 1912, and on the 14th day of December, 1915, an amended claim was filed for both of the appropriations from the " Garvin premises," and also for the appropriation of an alleged easement, or right of way to claimant's remaining land from the Oriskany road, over the " Whitton premises." The evidence established without dispute that the one and sixty-nine one-hundredths acres so appropriated were reasonably worth $295.75, but the amended claim alleges damages and demands an award for same in the sum of $200 only, no consequential damages for the appropriation of the one and sixty-nine one-hundredths acres being established. It is obvious that the plaintiff is entitled to an award of $200, but the award for this item must be limited to that sum, which is fixed by the amended claim, with interest from the appropriation. This phase of the case presents no difficulty. However, the demand for compensation because of the appropriation of the " Whitton premises," and the construction of the tail race across the latter, based on the theory that the state thus appropriated an alleged easement of way, or right of way owned by claimant, from the Oriskany road across the " Whitton premises " to the claimant's remaining property, involves questions of law and fact not wholly free from difficulty. Certain questions of practice are suggested by the case which were not raised by counsel, and which in our view of the matter it is unnecessary to determine. So, too, we need not decide whether the construction of the tail race amounted to an " appropriation " of the easement or right of way, if one existed, no notice of appropriation under the statute having been served upon the claimant.

The main question, which is determinative of this item of the claim, concerns the existence of the

alleged easement or right of way. An express grant
of one is not asserted. Its existence is predicated on
three grounds, (1), that the way, then existing as an
appurtenance to the " Garvin premises," was trans-
ferred or reserved by implication; (2), that it was
created by necessity; (3) that the claimant acquired
it by prescription. We will consider these contentions
in order.

Prior to September 4, 1823, Simon Newton Dexter
owned both the " Garvin premises " and the " Whit-
ton premises." On that date, he and his wife con-
veyed to William M. Cheever, the " Garvin prem-
ises." At that time and previously, Cheever owned
lands adjoining the " Garvin property " on the west,
and these premises already owned by Cheever had
access to a public highway by bridge over the Erie
canal, by a route which did not involve the " Whit-
ton premises."

Later Cheever and wife conveyed the " Garvin
premises " to Simon Newton Dexter and Isaac
Northrop, who continued to own that property in
common on January 10, 1834. On the last mentioned
date Simon Newton Dexter, who individually still
owned the " Whitton premises," and his wife, con-
veyed the " Whitton premises " to William C. Noyes.
It will be noted that at the time of the conveyance of
the " Whitton premises " to Noyes, the latter was
owned by Simon Newton Dexter individually, while
the interior parcel, the Garvin property, was owned
in common by Dexter and Northop.

(1) There is no evidence that at the time of either
of the conveyances there was any open, permanent,
visible, or apparent way existing, or in use, identical
in location with the alleged easement. There is a
total absence of testimony in that respect; in fact,
there is no evidence that a visible, apparent way has

existed at any time whatever. The absence of such proof removes the first ground on which the alleged easement rests. It is true that where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a visible, continuous, apparent and permanent nature, and sells the one in favor of which such easement exists, such easement being necessary to the reasonable enjoyment of the property granted, and being appurtenant to it, will pass to the grantee by implication, even though not expressly granted, and this is true, also, within certain limitations which we need not discuss at length, as to the reservation of such an easement. 19 C. J. 913-921, and cases cited. There has been some conflict of authority as to whether rights of way were included among easements so transferred or reserved, and this conflict has been evident in our own jurisdiction. *Root* v. *Wadhams,* 107 N. Y. 384; *Longendyke* v. *Anderson,* 101 id. 625; *Parsons* v. *Johnson,* 68 id. 62; *Mattes* v. *Frankel,* 157 id. 603; *Spencer* v. *Kilmer,* 151 id. 390; *Paine* v. *Chandler,* 134 id. 385; 23 Am. & Eng. Ency. of Law, 11. But there is no doubt about the fundamental essentiality, that the appurtenant easement which it is contended has been transferred or reserved thus by implication, must be visible, apparent, continuous and permanent.

Another condition to such transfer or reservation by implication is that the easement asserted shall be *necessary* to the dominant property. Mere convenience will not suffice. No necessity exists, when a way or access to the highway can be had through one's own land, however convenient and useful another way might be. *Paine* v. *Chandler, supra; Bauman* v. *Wagner,* 146 App. Div. 191; *Staples* v. *Cornwall,* 114 id. 596; affd., 190 N. Y. 506. There-

fore, no easement passed or was created upon the conveyance to Cheever because Cheever had access to a highway over his other adjoining property, as above stated.

(2) It is a general principle of law that when there is a conveyance of a tract of land, and there is no means of access thereto, or egress therefrom, except over the remaining land of the grantor, a *way of necessity* over such land ordinarily is granted by implication of law, and conversely, that a way of necessity impliedly is reserved in favor of a grantor whose land can be reached only by passing over land granted. 19 C. J. 921–928; 23 Am. & Eng. Ency. of Law, 13 *et seq.,* and cases cited. The same essential of *necessity* to which we referred above must exist in such case. Therefore, no way of necessity arose in favor of the "Garvin premises" upon the conveyance to Cheever, for the reasons already given. The claimant, however, argues vigorously that the conveyance to Noyes reserved a way of necessity by implication in favor of the "Garvin premises." We are unable to accede to that contention. It is fundamental that a way of necessity is dependent upon an implied grant or reservation, and cannot exist where there was no unity of ownership of the alleged dominant and servient estates, for no one can have a way of necessity over the land of a stranger. Mere necessity alone does not create a way of necessity. At the time Simon Newton Dexter and wife conveyed to Noyes the "Whitton premises," he was not the owner of the "Garvin premises," in whose favor the claimant now contends a way of necessity then was reserved by implication. The "Garvin premises" then were owned in common by Dexter and Northrop. Conversely to the facts presented here, the courts have held that one cannot have a right of way of necessity over land which the grantor never owned

except as tenant in common. *Crippen* v. *Morss,* 49 N. Y. 63; *Collins* v. *Prentice,* 15 Conn. 38; *Gayetty* v. *Bethune,* 14 Mass. 49; *Marshall* v. *Trumbull,* 28 Conn. 183. By a parity of reasoning we conclude that if a way of necessity is not to be implied *against* premises owned by the grantor and another in common, it is not to be implied in *favor* of premises so owned. The basis for the doctrine of way of necessity lies in the principle, that wherever one conveys property, it will be implied that he conveys also whatever is necessary for its beneficial use and enjoyment. 19 C. J. 924. As we have seen, that intention of the parties will not be implied as against land owned by the grantor and another in common, and it seems to us equally valid logic and sound reasoning, that an intention to reserve a way of necessity is not to be implied in favor of land which the grantor does not own individually, but in common with another.

(3) There is no uncertainty of authority in the law of prescription. Few doctrines have been more definitely stated. Difficulty, however, arises often in applying these principles to the facts. This case is troublesome in that respect. The evidence on this topic covered the period from 1856 to 1915. Without reviewing it, it is enough to say that we find the testimony of Andrews and Gregory too indefinite and vague to be valuable. That of Morris Richards described a way different in location from the easement asserted here, the former being north of the barn, and that described by subsequent witnesses being south of the barn. Proof of user of the one is of no value to establish the other. *Hoyt* v. *Kennedy,* 170 Mass. 54; *Bushey* v. *Santiff,* 86 Hun, 384. The period of alleged user of most importance is that from 1879 to 1907. Beyond question, the tenants of the claimant, or of her predecessors in title, during that period, used the alleged way each year exten-

sively. If this user was of the character which the law of prescription necessitates, the claimant's title to the easement would be indubitable. It is conceded that user to ripen into prescription must be open, continuous, uninterrupted and adverse. 19 C. J. 878; *Colburn* v. *Marsh,* 68 Hun, 269; affd., 144 N. Y. 657; *Fronckowiak* v. *Platek,* 152 App. Div. 301; *Crounse* v. *Wemple,* 29 N. Y. 540. It need not actually be known to the owner of the alleged servient estate, but it must be of such character, that is, so open, visible and notorious, that knowledge will be presumed. 19 C. J. 880. Mrs. Whitton testified she had no knowledge of the adverse claim. Her ignorance is immaterial. The user in this instance was such as to charge her with notice.

The testimony is undisputed, however, that during the alleged prescriptive period, the owners or tenants of the " Whitton premises," in various years, ploughed, seeded, cultivated, grew and gathered crops of hay, corn, and peas from that part of latter property affected by the alleged easement. Twenty years did not elapse between such years of use of the exterior parcel. The courts have held, and it is our view, that these uses of the " Whitton premises " interrupted the user of the alleged way, destroyed its continuity and thus were fatal to the claim of a prescriptive easement. *Sears* v. *Hayt,* 37 Conn. 406; *Barker* v. *Clark,* 4 N. H. 380; *Aiken* v. *New York, N. H. & H. R. R. Co.,* 188 Mass. 547.

During the alleged prescriptive period, two or more conversations were had between the tenant of the " Garvin premises," and the owner or tenant of the " Whitton premises," regarding passage over the latter parcel. There is some uncertainty as to what was said, but it is perfectly clear that there was, at least, a recognition by the tenants of the " Garvin

27

premises '' of the superior rights and ownership of the
'' Whitton premises.'' There was no evidence that
the use of the way was adverse, except as adverse
nature of the use is to be presumed from the use itself.
On the contrary, Mrs. Whitton testified that the tenant
of the interior parcel asked permission of the owner
of the exterior property to use the way at a certain
time, and that the crop be cut, that he might do so.
Arthur Fryer testified to a similar request, and Robert
D. Phillips, the claimant's principal witness, testified
that the tenants of the '' Garvin property '' after a
consultation with the owner of the exterior, cut the
hay on the alleged way, cured it, and put it in the barn
on the '' Whitton premises,'' for the owner of the
latter. These acts and conversations amounted to
recognition of the superior rights and title of the fee
owner of the '' Whitton premises '' and established
that, at these times, the user was not adverse and under
claim of right, but permissive. *Williamson* v. *Abbott,*
107 S. C. 397. Under the familiar presumption that a
relationship once established is presumed to continue
until the contrary appears, it would seem that the rela-
tionship between the occupants of the two parcels must
be presumed always to have been permissive rather
than adverse. Permission precludes prescription. 19
C. J. 887 and cases cited. In any event, these acts alone
broke the continuity of alleged adverse user, so that it
is clear that it did not cover twenty years. Nor can
a user permissive in inception ripen into an adverse
user by mere continuance. 19 C. J. 888 and cases cited.

We, therefore, find that the claimant was not the
owner of any easement or right of way over the
'' Whitton premises.'' She is entitled to an award of
$200, with interest, as above stated.

ACKERSON, P. J., concurs.

Ordered accordingly.