Doe, on the Demise of Maxwell, *v.* Moore.

*If the plaintiff's lessor in ejectment claim title to the premises, as a purchaser under a judgment and execution against the defendant's grantee, the grantee's confessions made subsequently to the judgment, tending to invalidate the defendant's deed to him, are inadmissible as evidence for the defendant.*

APPEAL from the *Fountain* Circurt Court.

Sullivan, J.—This is an action of ejectment brought for the recovery of 120 acres of land lying in the county of *Fountain.*   Plea, not guilty.

On the trial in the Circuit Court, the plaintiff introduced in evidence a deed from the defendant, *Charles L. Moore*, to *James Maxwell* and *John H. M'Cormick* for the premises named in the plaintiff's declaration, dated the 20th of *August*, 1833,—the record of a judgment of the *Fountain* Circuit Court in favour of one *Sawyer* against said *James Maxwell* and *John H. M'Cormick*, rendered at the *March* term, 1834,

for the sum of 325 dollars and 50 cents,—the execution issued on the judgment, and the levy and sale of the land described in the declaration indorsed thereon,—also a deed for the land from the sheriff of *Fountain* county to the lessor of the plaintiff, *James A. Maxwell*, who was the purchaser at the sale, duly acknowledged and dated the 25th of *April*, 1836.

The defendant thereupon offered in evidence an agreement in writing under seal, between *Moore* and *James Maxwell* for himself and said *John H. M'Cormick* by the name and description of *James Maxwell & Co.*, dated the 18th of *March*, 1835, for the purpose of proving, among other things, an acknowledgment by *Maxwell* that the deed from *Moore* to *Maxwell* and *M'Cormick* had not been delivered to them by *Moore*, but was delivered at the time of its execution to one *Bodley* as an escrow,—that a settlement of accounts had since taken place between *Moore* and *Maxwell & Co.*,—and that the deed was, by agreement between the parties, to be destroyed and considered of no effect. To the introduction of that agreement as evidence, the plaintiff objected, but the Court overruled the objection and permitted the agreement to be read to the jury, to which the plaintiff excepted.

It appeared in evidence that the *James Maxwell* who executed said agreement was another and different person from the lessor of the plaintiff, *James A. Maxwell*,—that the firm of *James Maxwell & Co.* was composed of the said *James Maxwell* and *John H. M'Cormick;*—and it further appeared that said *M'Cormick* was not present when *Maxwell* and *Moore* entered into the agreement, nor was there any proof that *M'Cormick* authorised *Maxwell* to make it.

The jury on the foregoing testimony returned a verdict for the defendant, on which the Court entered judgment. From that judgment the plaintiff has appealed to this Court.

The instrument of writing, offered in evidence by the defendants to prove that the deed from *Moore* to *Maxwell* and *M'Cormick* had been delivered to *Bodley* as an escrow, was entered into on the 11th of *March*, 1835, about one year after the rendition of the judgment against *Maxwell* and *M'Cormick* on which the land was sold. That judgment was a lien on the real estate of the defendants, and the effect of the declaration of *Maxwell*, and it may be the design of it, was to destroy that lien. This we think he could not do. The judg-

ment-debtor cannot defeat the purchaser, nor affect the rights of the judgment-creditor or those claiming under him, by declaring he had no title to the land sold, or that the title to it was in a third person. The establishment of such a rule would be to invite and encourage fraud. In the case of *Phœnix* v. *Dey et al.* 5 Johns. 412, the Court says that the declarations of a party to a sale or transfer, going to destroy and take away the vested rights of another, cannot, *ex post facto*, work that consequence, nor be regarded as evidence against the vendee or assignee. So, it is decided that the declarations and confessions of parties, to the prejudice of the rights of third persons, are insufficient. 7 Cowen, 760. Admissions made by an insolvent debtor subsequently to insolvency, are not admissible against the trustees of his estate. *Smith* v. *Simmes*, 1 Esp. Rep. 330. When a plaintiff had, previously to the suit, assigned his interest in the debt, of which the defendant had notice, he could not impair that interest by any confessions subsequently made by him, to the prejudice of his assignee. *Frear* v. *Evertson*, 20 Johns. 142. So, in *Taylor et al.* v. *Marshal*, 14 Johns. 204, it is held, that after judgment and execution, an antecedent sale of the property levied on cannot be set up and proved by the confessions and declarations of the parties, to the prejudice of the rights of a third person.

The law seems to be well settled, that the admissions and declarations of a party, that tend to injure or impair the vested rights of third persons, will not be received to their prejudice.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*A. S. White* and *R. A. Lockwood*, for the appellant.
*I. Naylor*, for the appellee.