WYNNE and Another *v.* GLIDEWELL and Another.

A debtor in failing circumstances may prefer his creditors, and may assign the whole of his property for the benefit of a single creditor, in exclusion of all others, or he may distribute it in unequal proportions among a part, or the whole, of his creditors; but in doing so he must act in good faith, without any purpose of defrauding such of them as are not preferred.

The declarations of the debtor, made after the execution of an assignment for the benefit of his creditors, can not be given in evidence against the assignee, to defeat his right to the property.

In suits to set aside the transfer or assignment of property, on the ground of fraud, the question of fraudulent intent is one of fact, and not of law, and the jury are the exclusive judges of the entire question; not only of the effect and weight of the circumstances adduced to prove such intent, but also whether the facts proved really amount to circumstances conducing to show it; and hence an instruction from the Court that certain circumstances tend to prove a fraudulent intent, is erroneous.

*Thursday,
December 12.*

APPEAL from the *Franklin* Common Pleas.

DAVISON, J.—The appellants, who were the plaintiffs, brought this action against *Glidewell* and *Robeson* for the recovery of personal property, alleged to have been by them unlawfully taken, and wrongfully detained. The record discloses these facts: *Henry Shaffer,* a failing debtor, on *April* 3, 1858, by deed of assignment, transferred to the plaintiff, in trust for the payment of debts, his real and personal property, embracing his tanyard and stock in trade connected therewith, consisting of leather, hides, tanned and untanned, implements for tanning and currying, and every other species of personal property in any wise necessary in carrying on the business of tanning, &c. The deed sets forth what purports

Nov. Term,
1861.

WYNNE
v.
GLIDEWELL.

to be a schedule of the debts existing against the assignor, and divides certain of them into six classes, pointing out the order in which they are to be paid, and then provides that the residue be paid *pro rata*. Upon the delivery of the deed, the plaintiffs took possession of the property assigned, and proceeded at once to convert the same into money, for the purposes therein designated. Prior to the making of the deed of assignment, *Robeson*, one of the defendants, had commenced an action in the *Franklin* Common Pleas, against *Shaffer*, the assignor, which was pending at the time the deed was made, and in which he, *Robeson*, on *April 6*, 1858, recovered a judgment against *Shaffer* for $126. After this, on *April 14*, in the same year, execution was issued upon that judgment, and placed in the hands of the defendant *Glidewell*, the sheriff, who, by virtue of it, levied upon the property in controversy, being a portion of the same transferred by *Shaffer* to the plaintiffs. Proper issues having been made, the cause was submitted to a jury, who found for the defendants. Motion for a new trial denied, and judgment on the verdict.

The causes for a new trial are thus assigned: 1. The verdict is unsustained by the evidence. 2. The Court in its charge misdirected the jury. It is assumed, in argument, that certain instructions moved by the plaintiffs, and refused by the Court, should have been given to the jury; but as the rulings upon them are not referred to in the motion for a new trial, the points which they involve are not properly before us. *Kent* v. *Lawson*, 12 Ind. 675.

The charges given, and alleged to be erroneous, read thus: 1. "If the jury believe that *Shaffer* made the assignment, purposing to defraud *Robeson*, and prevent him from collecting the debt due to him from the assignor, the assignment would be void as to *Robeson*, and the execution and levy will hold the property. 2. A debtor in failing circumstances has the right to make an assignment, and in marshaling his assets he may prefer any class of creditors he believes most entitled to such preference, but in doing so, he must deliver up all his property subject to execution, reserving not exceeding $300. And in marshaling his

assets, he can not exclude some creditors of the same dignity, from the preferred class, for the purpose of defrauding them of their debts, by putting them in a class not preferred. 3. If *Shaffer*, in making the assignment, intended to defraud any person to whom he was indebted, in classifying such indebtedness, by excepting them from the preferred class to which they belonged, the assignment would be fraudulent and void. 4. Fraud is never presumed, but is required to be proven by the party alleging it." In the present case, the fact that the deed of assignment was made on the evening preceding the opening of the Court in which *Shaffer* had been sued by *Robeson ;* the fact that on the day he made the deed, he denied to a creditor that he was making an assignment; the fact that he continues in possession of the property, under pay of the assignees, and the statements made by him to *George Berry*, are all circumstances tending to prove a fraudulent intent; and if the jury believe them true, and they have not been explained away, the jury would be justified in declaring the assignment void, so far as the present suit is concerned.

In reference to the first, second and third instructions, it may be assumed that a debtor in failing circumstances has a right to prefer his creditors. He may assign the whole of his property for the benefit of a single creditor, in exclusion of all others, or he may distribute it in unequal proportions among a part or the whole of his creditors. Burrill on Assignments, 98, *et seq.;* 1 Am. Lead. Cases, 95. This exposition is, in effect, conceded by the instructions, but they assume that if the purpose, in making the assignment, be to defraud one or more creditors, by putting him or them in an unpreferred class, the assignment would be void.

If the terms, "to defraud," as used in the instructions, mean to defeat the collection of a debt or debts, and we think they do, then the direction given to the jury is not objectionable; because a failing debtor, though he may prefer his creditors, must, in doing so, act in good faith, without any purpose of defrauding such of them as are not preferred. We are not inclined to hold these instructions erroneous.

The fourth instruction, as has been seen, alludes to certain

statements made by *Shaffer* to *George Berry*, "as a cir-
cumstance tending to prove a fraudulent intent in making
the assignment." The evidence shows that these statements
were made after the transfer of the property to the plain-
tiffs. And, in consequence, the instruction, so far as it relates
to such statements, is, in our opinion, erroneous; because
it is well settled that the declarations of a party to a sale
or transfer, going to destroy or take away the vested
rights of another, can not, *ex post facto*, work that conse-
quence. *Phenix* v. *Dey*, 5 Johns. 412. Indeed, the cases on
this subject are uniform, and all seem to agree "that de-
clarations made by the person under whom the party claims,
after the declarant has departed with his right, are utterly
inadmissible to affect any one claiming under him." 1 Phil.
Ev., 4 Am. Ed., pp. 314–322, note 104; *Alexander* v. *Gould*,
1 Mass. 165; *Clarke* v. *Waite*, 12 *id.* 439. Thus, "admissions
made by an insolvent debtor, subsequently to his insolvency,
are not admissible against the trustees of his estate." 1 Esp.
Rep. 330; *Doe* v. *Moore*, 4 Blackf. 445.

There is, however, another ground upon which the instruc-
tion seems to be erroneous. It recites certain facts alleged
to have been proved, and then tells the jury that the facts
so recited are "all circumstances tending to prove a fraudu-
lent intent." In cases of this sort, the question of such intent
is a question of fact, and not of law. 1 R. S., § 21, p. 303;
4 Ind. 388; 12 *id.* 64–70. This, it seems to us, makes the
jury the exclusive judges of the entire question of intent;
not only of the effect and weight of the circumstances ad-
duced to prove it, but whether the facts proved really
amount to circumstances conducing to show it. It is there-
fore evident, that the Court, in pointing out to the jury the
"circumstances tending to prove a fraudulent intent," com-
mitted an error.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded, &c.

*Geo. Holland* and *C. C. Binkley*, for the appellants.

*J. H. Farquhar*, *W. G. Quick* and *W. P. Quick*, for the
appellees.