## CAMPBELL *v.* COON.

EVIDENCE.—*Admissions of Seller After Sale.*—In an action by A. against B., to recover possession of certain personal property bought by A. from C., the defendant was permitted, over objection, to introduce in evidence an instrument written by C. after the sale, directed to D., from whom C. had bought said property, stating that it had been bought by C. for B., with B.'s money, and ordering D. to deliver it to B., and C. testified, over A.'s objection, that he had orally admitted at different times to B. and D. that the property was bought by him with money received from B., and belonged to B.

*Held,* that A. could not be bound by said order of C. to D. to deliver the property to B., and that said written and oral admissions, made by C. after his sale to A., could not affect A.'s right, and, therefore, said evidence was inadmissible.

From the Montgomery Circuit Court.

*J. N. Sims,* for appellant.

WORDEN, J.—Replevin by the appellant against the appellee for certain black walnut saw logs. Plea, general denial. Trial by jury. Verdict for the defendant. Motion by plaintiff for a new trial overruled. Exception and judgment.

The plaintiff claimed title to the property by purchase

from John K. and William P. Yonkey. He gave in evidence a bill of sale of the property to himself, executed by the Yonkeys, dated July 16th, 1873, and recorded on the 24th of the same month.

The Yonkeys, it appeared, had bought the property as partners, from one Andrew Flannagan, · and the evidence tended to show that they bought it for and as for themselves, they being engaged in running a saw-mill.

The defendant, Coon, claimed, as we gather from the evidence, that the purchase made by the Yonkeys was made for him, and with his money advanced to them for that purpose. He gave in evidence, over the exception of the plaintiff, the following instrument:

"FRANKFORT, Sept. 30th, 1873.

"MR. ANDREW. FLANNAGAN: That walnut timber that you sold me at twenty dollars per thousand, was bought for Mr. E. F. Coon, and with his money, and you will please turn over to him.

(Signed,)                              "W. P. YONKEY."

The defendant introduced William P. Yonkey as a witness, and proved by him, amongst other things, over the objection of the plaintiff, duly pointing out the ground of the objection, as follows:

"I admitted to Coon and Flannagan, at different times, that the Flannagan logs were bought with the money I received from Coon, and told Coon that the logs were his."

Exception was duly taken.

We are of opinion that the written instrument, as well as the oral evidence, was incompetent, and should have been excluded.

The plaintiff cannot be bound by the direction in the instrument to turn the property over to Coon. So far as the instrument acknowledges that the property was bought for Coon, and with his money, it was incompetent; for, before that time, the Yonkeys had transferred the property to the plaintiff.

It is well settled that declarations made by a person under

whom a party claims, after the declarant has parted with his right, are utterly inadmissible to affect any one claiming under him. *Kieth* v. *Kerr,* 17 Ind. 284; *Wynne* v. *Glidewell,* 17 Ind. 446.

As to the oral evidence, the case stands as if the admissions made by William P. Yonkey had been proved by any other witness.

The admissions of a vendor, while he is in possession of the property and before a sale, such as would be evidence against himself, are admissible against his vendee. *King* v. *Wilkins,* 11 Ind. 347; *Bunberry* v. *Brett,* 18 Ind. 343.

Admissions, however, made after such sale, are clearly incompetent. See cases first above cited.

It does not appear when the oral admissions were made, whether before or after the sale made by the Yonkeys to the plaintiff. When admissions of persons not parties to an action are offered in evidence to affect one of the parties, we think it should appear affirmatively that they were made at such time and under such circumstances as would render them competent.

There are some other questions made upon evidence and instructions, but as they may not again arise, we pass them.

The judgment below is reversed, with costs, and the cause remanded for a new trial.