McSweeney *et al. v.* McMillen *et al.*

Filed June 21, 1884.

———————◆———————

No. 9087.

McSWEENEY ET AL. *v.* McMILLEN ET AL.

INFANCY.—*Pleading.—Presumption.*—In pleading a contract it is not necessary to aver that the party sought to be bound was an adult, as, in the absence of averment and proof, that fact will be presumed.

EVIDENCE.—*Tax Duplicate.—Parol Partition.*—Where it is in controversy whether a parol partition had been made, the tax duplicate showing that the lands were taxed to the respective persons to whom they were supposed to have been allotted, is admissible in evidence as tending to show the partition.

SAME.—*Declarations of Ancestor.—Heir.—Title.*—Where, in partition, the title is in question, declarations of an ancestor from whom a party claims by descent, to the effect that the ancestor had no title, are admissible against such heir.

SAME.—*Witness.*—There is no error in refusing to allow a question to a witness, any answer to which would be wholly immaterial, and when no reason for asking the question is given.

SAME.—*Declarations of Grantor.*—Declarations by a grantor in disparagement of the title granted, made after the grant and in the absence of the grantee, are not proper evidence against the grantee.

From the Rush Circuit Court.

*F. J. Hall* and *T. J. Newkirk,* for appellants.

*G. C. Clark, W. A. Cullen* and *B. L. Smith,* for appellees.

FRANKLIN, C.—Appellants filed against appellees a petition for the partition of ninety-seven acres of land, and part of the north half of lot No. 56, in the town of Rushville, and alleging that Mary A. E. McSweeney is the owner of the undivided one-third of the land and one-half of that portion of the lot, and asking that it be set apart and delivered to her.

The petition states, that one John McMillen, in March, 1857, died a resident of said county and State, leaving Mary McMillen, his widow, and Samuel E. McMillen, Rebecca Morris, James T. McMillen and Mary A. E. McMillen, his children; and, also, leaving a large amount of real estate, describing the same; that in 1857 Mary McMillen, said widow, caused partition to be made of said real estate, and in which partition the shares of said Samuel E., James T. and Mary A. E. were set off to them jointly, including the land and lot sought to be partitioned in this action; that on the 23d day of February, 1871, the said Samuel E. conveyed his interest in said ninety-seven acres of land to one George Shields, which afterwards passed through several conveyances down to one of the present appellees, William F. Gordon; that said part of lot No. 56 was conveyed by said James T. to one Norris, and reconveyed to different parties until the title reached another one of appellees, Maria Ryan; that the said Mary A. E., in 1869, intermarried with her co-appellant Dennis McSweeney, and prayed for partition of said premises.

All the defendants, except Gordon and Ryan, were either defaulted or disclaimed any interest in the premises.

Gordon and Ryan each filed separate answers, consisting

of denials, and special paragraphs setting up title in themselves, each separately, Gordon to the ninety-seven acres of land, and Ryan to the part of the lot, and each pleaded the statute of limitations.

The second paragraph of each answer set out the partition as alleged in the petition, and the setting apart the said shares of said three jointly. It is then alleged that in 1858 these three, by agreement, made a partition of their said joint shares among themselves; that each then took possession of their respective shares as agreed upon, paid the taxes and made lasting and permanent improvements thereon, had the same in 1858 severally placed upon the tax-duplicate accordingly, and that the same has been so severally held and occupied from that time until the commencement of this suit; that the said ninety-seven acres of land, by said agreed partition, was set apart in the share of the said Samuel F.; and the said part of said lot was so set apart in the share of said James T.; and that each had been regularly conveyed from said parties down to said appellees.

The third paragraph of each averred quiet and peaceable adverse possession under claim of right and color of title for more than twenty years before the bringing of the suit, and each contained an additional paragraph of the statute of limitations.

A demurrer was overruled to these special paragraphs of answer, and a reply filed. There was a trial by jury, verdict for defendants, and, over a motion for a new trial, judgment was rendered for the defendants.

The errors assigned are the overruling of the demurrer to the second paragraph of Gordon's answer, and the overruling of the motion for a new trial.

The only objection presented by appellants' counsel to the second paragraph of Gordon's answer is, that it does not show that either of them, at the time of the alleged agreed partition, was of full age.

In this we think appellants are mistaken. The paragraph

in controversy contains the following language: " That said Mary A. E. McMillen, who was then *adult,* sole and unmarried, from the day of the partition of said real estate, made between herself and her brothers in 1858 until the 9th day of February, 1869."

She was then said to be twenty-five years old and unmarried, and from the order of their names we presume the youngest of the children, but even if they were all minors at that time, such. does not appear in the pleadings, and infancy is never presumed; it must either be pleaded or given in evidence. *Pitcher* v. *Laycock,* 7 Ind. 398.

" The law presumes all parties to a suit are adults, unless the contrary is made to appear." *Rowe* v. *Arnold,* 39 Ind. 24. *Palmer* v. *Wright,* 58 Ind. 486 ; *Davidson* v. *Nicholson,* 59 Ind. 411. If the contract of an infant " is with an adult, such adult person is bound, and can not avoid the contract on account of the infancy of the other contracting party." *Johnson* v. *Rockwell,* 12 Ind. 76. There was no error in overruling the demurrer to this paragraph of the answer.

As to the motion for a new trial, while the evidence in some respects appears to be conflicting, still there is evidence clearly tending to sustain the verdict of the jury, and, in such cases, this court will not weigh it in order to determine its preponderance. In the motion for a new trial various reasons are stated on account of the introduction in evidence of alleged improper evidence. The first of which was the giving in evidence the tax duplicates of the county for the year 1858 and subsequent years. The duplicates showed that the ninety-seven acres of land in controversy during said time and until he sold it was taxed separately to Samuel E. McMillen, and afterwards to the several purchasers, and that the part of said lot in controversy was so separately taxed to said James T. until he sold it, and afterwards to the several purchasers thereof; while seventy-four acres of other lands were so separately taxed to said Mary A. E. during said time. There was other evidence showing that appellant Mary A. E.

had lived upon the home place allotted to her mother in the first partition, and adjoining the lands in dispute until she was married in 1869; that she had sold the seventy-four acres alleged to have been allotted to her in the agreed partition, and she and her husband moved to the State of Mississippi, where she remained until 1874, when they returned to Rush county, Indiana, and repurchased the same seventy-four acres that they had so sold, which also joins the land in dispute, and upon which they are still living.

We think these tax duplicates are competent evidence tending to show a division of the land by some kind of a partition, and that there was no error in their admission.

Reasons numbered five and six, based upon the overruling of objections to the introduction in evidence of the various deeds of conveyance for the land and part of lot in dispute, are not insisted upon by appellants in their brief, and are considered as waived; if they had been insisted upon, we see no reasonable objection to the rulings of the court therein.

The seventh reason for a new trial is based upon an objection to a question asked by defendants to the witness William Cullen in relation to a conversation he had with said Samuel E. McMillen, and the witness' answer thereto.

Upon cross-examination by plaintiffs, the witness was examined as to what inquiries he had made as to the title to that part of the lot in dispute at the time he purchased it, and after having testified that he did not examine the records, he was asked by the plaintiffs certain questions and gave the following answers:

"You made no further inquiry as to the title? Ans. I did.

"From whom? Ans. Samuel E. McMillen."

Upon re-examination, the witness was asked by defendants the following questions:

"You say you did make some inquiry? Ans. I did.

"What was the result of that inquiry?" Which was objected to. The objection was sustained. He was then asked:

"Did you have any conversation with Samuel E. McMillen

McSweeney *et al. v.* McMillen *et al.*

in relation to this property?" Which was objected to, and the objection overruled. The witness answered that he told McMillen that he was about trading for the property, and that the person from whom he was to get it had a warranty deed for it, and he supposed the title was all right; he said that it was all right or something like that. This witness had been one of the owners of that part of the lot in controversy.

After the plaintiff in examination had introduced in evidence the fact that the witness had inquired of Samuel E. McMillen in relation to the title to the property generally, we think the defendant then had a right to prove by the witness what was said as a part of the *res gestæ*, or inquiry proven to have been made. Though if we should be mistaken in this, there is another view of the question that would render the testimony admissible. At the time of the trial Samuel E. McMillen was dead, and the plaintiff not only claimed her third of that part of the lot as never having been divided, but she also claimed the half of Samuel E.'s third, as his heir, he leaving no children, making her claim therein one-half. And as to Samuel's interest therein, his admissions of no title in himself would be evidence against the plaintiff to the extent that she claimed as his heir.

The eighth reason, based upon the sustaining of an objection to Dennis McSweeney's testimony in relation to a conversation with Samuel E. McMillen in relation to the land, is a mistake or the record is wrong. The record shows that the objection was overruled and the evidence was given to the jury.

The ninth reason is based upon the sustaining of an objection to a question asked by plaintiff of Mary A. E., while testifying in her own behalf, which reads as follows: "State whether or not you had any conversation with Samuel with reference to his interest in this lot 56, here in town, that you sold after Jim had sold it?"

This is a mere introductory question, any answer to which that could have been made could not have benefited or in-

jured either party, and when objected to no reason appears to have been stated to the court for asking the question. There is no available error in this ruling.

The tenth reason is for sustaining an objection to Frank Hall's testifying in relation to a conversation had by him with James T. in 1879 in relation to the parol partition of the premises between the parties. James T. was only a nominal party to the suit, not asserting any interest in the premises; he had long before that time sold and parted with all his interest in the premises. His testimony had been taken in the case, and no question had been asked him in reference to any conversation with Hall. Under such circumstances nothing that he could have said in disparagement of the title after he had parted with it, and in the absence of the real defendants, could be admitted as evidence against them, either in the shape of admissions or by way of impeachment. And there was no error in this ruling.

The eleventh reason for a new trial was that the court erred in giving instructions to the jury. No specific error in the instructions has been pointed out by appellants in their brief; we have a right to presume there is none, and consider this objection as waived. We find no available error in this record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed June 21, 1884.