Tyres *v.* Kennedy *et al.*

Filed Jan. 15, 1891.

---

No. 14,684.

TYRES *v.* KENNEDY ET AL.

REPLEVIN. — *Pleading.* — *Answer.* — *Mortgagees Appearing as Attorneys for Mortgagor.*—*Not Bound by Judgment.*—In an action for the recovery of the possession of personal property, in which the plaintiffs claimed that they were entitled to the possession by virtue of a mortgage executed to them by W., an answer is bad which alleges that the defendant had theretofore, and after the execution of said mortgage, brought an action of replevin against W., who was in possession of the property in controversy, and judgment for possession was awarded to the plaintiff in that suit, and that the plaintiffs in the pending action were present during the trial of said cause, and managed and controlled the same as the attorneys of W. and on his behalf. Whatever they did as counsel was in behalf of their client and in his name; they could take no steps

except as his representative. They could not in their own behalf except to any ruling of the court, or prosecute an appeal. They were not served with notice to appear and defend the action as parties in interest, and their presence as attorneys for the defendant could not prejudice their right as mortgagees.

MORTGAGE.—*Declarations of Mortgagor as to Title.*—*When Admissible Against Mortgagee.*—The declarations of a mortgagor of personal property as to the character of his title, made anterior to the execution of the mortgage, are provable in an action involving the title to the property as against the mortgagee.

EVIDENCE.—*Unidentified Assessment List.*—*Proper Exclusion of.*—It is not error to exclude a paper offered as an assessment list where there is no evidence before the court identifying it as the original paper, and no offer to identify it as such.

From the Montgomery Circuit Court.

*J. E. Humphries* and *M. D. White,* for appellant.

*B. T. Ristine, T. H. Ristine, P. S. Kennedy* and *S. C. Kennedy,* for appellees.

BERKSHIRE, J.—This is an action to recover the possession of personal property. The appellant filed an answer consisting of two paragraphs; the second paragraph was demurred to and the demurrer sustained, to which ruling of the court the appellant saved an exception.

The cause was submitted to a jury for trial, a verdict returned for the appellees, and over a motion for a new trial judgment was rendered in accordance with the verdict.

The errors assigned call in question the rulings of the court in sustaining the demurrer to the second paragraph of answer, and in overruling the motion for a new trial.

The second paragraph of the answer alleged that the appellees claimed the right to the possession of said property as mortgagees by virtue of a mortgage executed by one Thomas Ward, and that after the execution of said mortgage the appellant claiming to be the owner of said property, and, as such owner, entitled to the possession thereof, brought an action of replevin against said Ward, who at the time was in possession of said property, and that such pro-

ceedings were had in said action that the appellant recovered judgment awarding to him the possession of said property. It is further alleged that the appellees were present during the trial of said cause and managed and controlled the same as the attorneys of the said Ward and on his behalf.

We are of the opinion that the court did not err in sustaining the demurrer to said answer for two reasons: 1. The same facts, if material, were provable under the general denial. 2. The facts pleaded did not constitute a defence to the action.

It does not appear that the appellees were served with notice to appear and defend the action as parties in interest, and their presence as attorneys for the defendant could not prejudice their rights as mortgagees. Whatever they did as counsel was in behalf of their client and in his name; they could take no step except as his representative. They could not in their own behalf except to any ruling of the court or prosecute an appeal. We think the appellees were not concluded by the judgment which was rendered.

There are several causes assigned for a new trial, the three first of which relate to the exclusion of certain evidence offered by the appellant on the trial; the fourth cause is that the evidence does not support the verdict; and the fifth that the court erred in giving certain instructions.

The last cause named is waived for the reason that counsel for the appellant do not refer to it in their brief, and the fourth need not be considered, because of the fact that the judgment must be reversed because of the rulings of the court in excluding certain evidence offered by the appellant on the trial. It is insisted by the appellant that the court erred in excluding the record of the proceedings and the papers in the said action between the appellant and Ward, appellees' mortgagor.

It is contended that this evidence was competent to rebut certain testimony given by one of the appellees' upon the

trial; but when we come to examine the record we find that no such evidence was introduced by the appellees as is claimed by the appellants.

Conceding, for the purposes of argument, that the assessment list of the appellant for the year 1887 was competent, there was no error committed in excluding the paper offered, for the reason that there was no evidence before the court identifying it as the original paper, and no offer to identify it as such.

This leads to the only other question presented by the record.

The appellant offered to prove upon the trial that Ward had stated to different persons before he executed the mortgage to the appellees, that he had sold the property in controversy to the appellant.

This evidence was clearly competent, and the court erred in excluding it.

It is true that the declarations of the vendor, after he has parted with his title, or of the mortgagor, after he has executed the mortgage, can not be given in evidence to the prejudice of his vendee or mortgagee; but the rule is the other way as to declarations made before the sale or the execution of the mortgage.

The appellees insist that as the appellant was claiming title to the property anterior to the declarations, of which he offered to give evidence, that such testimony was incompetent, for the reason that the declarations were not made at a time when Ward was in possession of the property. It does not appear that Ward was not in possession of the property when the declarations offered were made, but this is not important.

The appellees assumed, and were compelled to do so or yield the controversy, that when their mortgage was executed, Ward was the unconditional owner of the property.

In any controversy between the appellant and Ward at a time when no one laid claim to the property other than

Ward or the appellant, Ward's declarations were provable against him, and were binding as to every other person claiming through him thereafter.

The appellees could acquire no better right to the property than their mortgagor, and if he held no title they could acquire no lien; his declarations before the appellees' mortgage was executed that he had no title were against his interest, and tended to rebut his claim of title at the date of · the mortgage, and the proof thereof was material evidence for the appellant in support of his claim of title.

As Ward's declarations were provable against him, if not competent as evidence against his mortgagees, they might, for that very reason, acquire a better title through that mortgage than he held; that they could not do this, see *Reissner* v. *Oxley*, 80 Ind. 580; *Lanman* v. *McGregor*, 94 Ind. 301; *Baals* v. *Stewart*, 109 Ind. 371.

In support of the conclusion that the declaration of a vendor, or mortgagor, of personal property as to the character of his title, and made anterior to the sale, or the execution of the mortgage, are provable in an action involving the title to the property as against the vendee, or mortgagee, the following cases are authoritative. A case very much like the one under consideration is *Bunberry* v. *Brett*, 18 Ind. 343. The court says in that case : " Bunberry owned the property; but it was claimed by the defendant, that Bunberry sold it to one Hughes, who sold it to the defendant. It appears pretty clearly from the evidence, which is before us, that Bunberry made a contract for the sale of the property to Hughes for the sum of three hundred and fifty dollars, a part of which was paid down, and the residue to be paid at a future day ; but that the title to the property was not to pass to Hughes until the payment of all the purchase-money. On the trial the plaintiff offered to prove by competent witnesses, that Hughes, before the sale of the property by him to the defendant, stated that the property was not his, and gave that as a reason for refusing to trade or sell

it. This evidence was excluded apparently upon the ground that the plaintiff was not present. The rejection of this testimony was error. The defendant claimed title through Hughes, whose admissions, before the sale to the defendant, were competent evidence against him." *Campbell* v. *Coon*, 51 Ind. 76; *McSweeney* v. *McMillen*, 96 Ind. 298. Many other authorities might be cited, but we deem it unnecessary to do so.

The court erred in excluding the offered testimony as to Ward's declarations, and for the error in this ruling the judgment must be reversed.

Judgment reversed, with costs.

