Filed March 19, 1895

———————◆———————

## No. 16,774.

## ROBBINS v. SPENCER ET AL.

NEW TRIAL.—*No Evidence to Support Verdict.—Law and Fact.*—When there is no evidence to support the verdict such verdict is an error of law.

SUPREME COURT PRACTICE.—*Weight of Evidence—Supreme Court.*—When the evidence is not free from conflict the Supreme Court will not reverse the case on the weight of such evidence.

SAME.—*Preponderance of Evidence Against Verdict.*—If there is evidence, either circumstantial or positive, from which a fact may be inferred, and such fact is found in the trial court, the Supreme Court can not disturb such finding, although the preponderance of the evidence seems to be against it.

EVIDENCE.—*Agreement Concerning Evidence.—Former Testimony of Deceased or Absent Witness.*—Where a case has been appealed and reversed, and on the second trial the parties enter into a written agreement to the effect that if a witness had testified on the first trial and afterwards died, or was not present to testify orally, and his testimony had been preserved in a bill of exceptions, either party should have the right to use it as set out in such bill of excep-

tions, and the evidence as thus preserved should be taken and treated as the evidence of the witness, does not prevent a party from objecting to the competency of such testimony nor to the competency of the witness, but simply excuses his production in court.

SAME.—*Declarations to Prove Character of Act, Res Gestæ.*—Where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and of the person who performed the act, proof of what that person did, concerning that act, made at the time of doing it, is admissible in evidence for the purpose of showing its true character, and as constituting a part of the *res gestæ*.

SAME.—*Admissions of Former Owner, Privity of Party Interested.*— When, by succession of title, a party to a suit is so far in privity with another that he could be affected by his acts, then he can be affected by his admissions only when they are made during the latter's interest in the subject-matter of the suit.

REAL ESTATE.—*Declarations of Vendor in Disparagement of Title.— Vendee Not Present.*—The declarations of a vendor, made after his conveyance and possession taken by his vendee, are not admissible to defeat such vendee's title, unless made in the presence of the vendee or person in interest.

SAME.—*Possession Equivocal.—Declarations of Vendor.*—Where the owner of land has executed an instrument purporting on its face to be an absolute conveyance of land, but retains possession of the land thus conveyed, the transaction is equivocal, and his declarations, in connection with such possession, are admissible to show both the character of his possession and of the transaction, even though not made in the presence of the person claiming under such conveyance and adversely to his right of possession.

SAME.—*Declarations of Owner in Disparagement of His Title Before Sale Made.*—The declarations of the owner of real estate, when in possession, in disparagement of his title, made before he has executed a conveyance for it, are admissible against his vendee, even though such vendee was not present when they were made.

SAME.—*Declarations of Vendor Retaining Right of Possession During His Life.*—The declaration of a vendor in possession of land, made after he has executed a deed for such land, but retaining the right of possession thereof during his life, are not admissible in evidence against his vendee, even though made in disparagement of his title.

SAME.—*Conspiracy of Vendor and Vendee to Defraud Third Person.— Declarations of Vendor.*—Declarations of a vendor while in possession, in disparagement of his title, made in pursuance of a common purpose between him and his intended vendee to defraud a third person are inadmissible to defeat his title where its defeat will injure such third person or those claiming under him.

SAME.—*Declarations Concerning Nonexecution of Deed.—Admission that Deed was Never Executed.*—Declarations of an alleged vendor that he never executed a deed for land of which he is in possession are not admissible, when it is admitted on the trial that no such alleged deed was ever executed.

From the Gibson Circuit Court.

*J. T. Beasley, A. B. Williams* and *G. G. Reily*, for appellant.

*W. C. Hultz, J. H. Miller* and *M. W. Fields*, for appellees.

McCABE, J.—The appellees and others brought this suit in the Sullivan Circuit Court against appellant and another as the heirs of Eliza Robbins, deceased, to obtain partition of certain real estate situate in said county, of which it was alleged she died seized leaving the plaintiffs and defendants as her heirs at law, who, it was alleged, inherited from her said lands as tenants in common.

Upon the issues formed, a trial resulted in a judgment for the defendants, which was on appeal reversed in this court. *Spencer* v. *Robbins*, 106 Ind. 580.

After the return of the cause to the lower court, the venue was changed to the Gibson Circuit Court, where a trial resulted in a judgment in favor of the plaintiffs, which, on appeal, was reversed in this court. *Robbins* v. *Spencer*, 121 Ind. 594.

On the return of the cause to the Gibson Circuit Court again, some of the parties having dropped out of the case by disclaimers left the material matters to be tried to be the issues formed on appellant's answer and cross-complaint, the substance of which is, that as to so much of the land described in the complaint, to wit: The southwest quarter of the northeast quarter of section 23, township 7 north, of range 9 west, and the west half of the southeast quarter of said northeast quarter in Sullivan

county, Indiana, he is the exclusive owner and the plaintiffs own no part of the same; that he derived title thereto by deed of conveyance by Eliza Robbins to William M. Robbins and the appellant, together with other lands conveyed to them by said Eliza on April 28, 1869, and that subsequently said William and appellant divided said land so conveyed them, and they executed conveyances thereof to each other by which the entire interest in the last named tracts were vested in the appellant.

It is further averred that at the time said Eliza so conveyed said lands to them she was seized in fee simple thereof, and he and his brother took possession of the same, improved and repaired the same by clearing, fencing and making other lasting and valuable improvements thereon. The cross-complaint asked that appellant's title be quieted.

The appellees pleaded *non est factum* to the deed mentioned in the answer and cross-complaint, thereby denying the execution thereof by Eliza Robbins. An agreement made in open court between appellant and appellees admitted plaintiff's cause of action, unless it was defeated by the said deed of Eliza Robbins.

So it is accordingly agreed by counsel on both sides that the question to be determined in the trial court was whether the said deed of Eliza Robbins was ever executed. The appellant and William M. Robbins were sons of said Eliza. The other parties were children and grandchildren of said Eliza. She died in 1882 and prior to the commencement of this suit.

The action of the court in overruling appellant's motion for a new trial is assigned as the only error.

Among the grounds therein specified is that the verdict is contrary to, and not supported by, the evidence.

It is earnestly insisted that there was no evidence whatever to support the verdict, not that the verdict is con-

trary to the weight of the evidence, but that it has no evidence to support it.    When that occurs, the verdict is an error of law.

The positive evidence clearly establishes the execution and delivery of the deed of Eliza Robbins to appellant and his brother, William M. Robbins.    This evidence is corroborated by a large amount of circumstantial testimony.    But there is a considerable amount of circumstantial evidence tending to countervail the evidence of delivery.    The whole evidence, therefore, was not free from conflict, and in such a case we can not weigh it. We can not reverse in such a case unless the evidence tending to support the verdict or finding alone considered is insufficient to establish the truth of the verdict, excluding from consideration the evidence on the other side.    Cleveland, etc., R. W. Co. v. Wynant, 134 Ind. 681.

If there is evidence, either circumstantial or positive, from which a fact might be inferred, and such fact is found in the trial court, this court can not disturb such finding, though the preponderance of the evidence seems to be against it.    Stanton v. Kenrick, 135 Ind. 382.

The circumstantial evidence tending to contradict the delivery of the deed, if there had been no other evidence, was sufficient to warrant the inference that it was in fact never delivered.

The land embraced in the deed was a farm, and the home place of the said Eliza Robbins during her lifetime. Her husband was dead prior to the time the deed is claimed to have been made by her to her two sons.

One Bart Spencer was called by the appellees as a witness in rebuttal, and testified that he was a grandson of Eliza Robbins, a son of Martha Spencer, at one time a plaintiff in the suit, and was such plaintiff at the time he testified; that he had a conversation with his grand-

mother in 1881 or 1882, but his best recollection was that it was in 1881, which was twelve years after the deed in controversy purported to have been executed. He was asked how he had gone with his grandmother, Eliza Robbins, from her house to the house of his mother on that occasion, to which he answered: "We went in a buggy."

He was asked: "What conversation did you have with your grandmother with reference to the land?" To which he answered: "The conversation began as we were passing by her land.    *    *    *    She was speaking about that of all her real estate she didn't have a hoof left. She said, I have my land and home, and they came very near getting that away."

He was asked who she was speaking of, to which he answered: "With reference to Bish and Anthony."

The evidence shows that William M. Robbins was called and known by the name of Bish.

In another conversation, afterwards, on April 29, 1882, he testified that "She said she was about to make a deed to Jonathan's boys for the land, and asked me what I thought of it. I told her I thought it would be the best day's work of her life, as he was broken down in health, and I did not think there was one of them that would object to it. She said she was going to deed it to his sons instead of to Jonathan, because he was insolvent. The fact is, I think she had already done it then and there."

Jonathan was one of her sons.

Proper and seasonable objection was made by appellant to the introduction of this testimony, which was overruled and proper exceptions taken.

It thus appears that the trial court held it to be the law that for the purpose of disputing appellant's title the appellees might prove statements and declarations in

derogation of appellant's title by his grantor in his absence, and long after such grantor's deed purported to convey the title from her to appellant and his brother. The admission of this evidence is one of the grounds specified in the motion for a new trial.

When the case was here the first time, it was said on this point that "it is well settled that declarations of a grantor, after he has parted with his title, made in the absence of the grantee, in disparagement of the title of the latter, are not admissible. *McSweeney* v. *McMillen,* 96 Ind. 298."

A case very similar to the one now before us was *Thompson* v. *Thompson,* 9 Ind. 323. That was a suit to recover land, and each party claimed from the same former owner, one J. A. Thompson—William Thompson through a deed, and Martha E. Thompson through a will made by J. A. Thompson. It is there said: "The defendant gave in evidence, over the plaintiff's objections, declarations made by J. A. Thompson in 1846, when the plaintiff was not present, to the effect that he had bought William out, and that he owned all the property himself. Other declarations of the deceased, made at different times after the alleged conveyance to the plaintiff, to a similar effect, were given in evidence, over the plaintiff's objection, to which he excepted. As some of the instructions given at the instance of the defendant, assumed that there might have been a surrender of the deed, or a reconveyance by William to James, this testimony may have had an important bearing upon that question. We think its admission was erroneous. The general rule is well settled that the declarations of a vendor, made after his conveyance, are not admissible in evidence to defeat it. *Doe* v. *Moore,* 4 Blackf. 445, and authorities there cited."

But we are met with an objection from the appellees to the consideration of the question raised by the admission of Bart Spencer's testimony, on the ground that any error there may have been therein was waived by a written agreement entered into by the parties. It is claimed by the appellees that it was admitted under such written agreement entered into by the parties, and hence no error was thereby committed.

The agreement mentioned provides that "in all cases where any witness has heretofore testified and has since died, or is not present to testify orally, and such testimony is contained in the transcript or bill of exceptions of this cause in the Supreme Court, either party shall have the right to use such testimony of any such witness or witnesses as set out in such transcript, and such evidence as shown by such transcript shall be taken and treated as the evidence of such witness."

In addition to the fact that it does not clearly appear from the record that the witness Bart Spencer did not appear and testify orally in court as above recited, we think that the written agreement above recited will not bear the construction contended for by the appellees' learned counsel. It contains no agreement to waive any objection to the admissibility of any of such testimony because it does not even provide that such testimony may be introduced or admitted in evidence. It does provide that either party shall have the right to use such testimony, and such evidence shall be taken and treated as the evidence of such witnesses; that is, the agreement in effect waived the necessity of the production of the witness in court, and in lieu thereof agreed to treat the contents of the transcript purporting to be his evidence as the evidence of such witness precisely the same as if he were produced and had so orally

testified; that did not waive any objection to the competency of the witness nor to the competency of the testimony. In short, there was no agreement that such testimony should be read in evidence on the trial of the cause except as a ¦mere substitute for the production of the witness in court, and his orally testifying to the facts. There was, therefore, no waiver of objection to the admissibility of Bart Spencer's testimony.

But it was claimed that the declarations given in evidence by that witness were competent because Eliza Robbins was in possession of the land, and that such declarations were competent to explain the character of her possession. And appellees' learned counsel cite *Creighton* v. *Hoppis*, 99 Ind. 369, and many other cases in support of this contention which we will notice further on. We are informed by the briefs on both sides, that the trial court admitted these declarations on the ground that so long as Eliza Robbins remained in possession that was an act proper to be shown to defeat the deed, and that her declarations concerning the ownership of the land were competent as a part of the *res gestæ*; that is a part of the act of possession. There are exceptions to the general rule already stated, and the question arises, does this case fall within any such exceptions? That question seems to have been directly involved in *Thompson* v. *Thompson*, *supra*, from which we have quoted the general rule. It was further said in that case that: "It appeared in evidence that the deceased claimed the land in question as his own, until his death; that he was in the continued occupancy of it; that he built a house upon it worth some $400 or $500, and had laid the foundation and prepared the materials for another, at the time of his death; that he had planted an orchard; and that at all times since 1839, he had appeared to be the owner." And yet, as we have seen, the admission

of declarations of the deceased made after the convey-
ance to the plaintiff, and in his absence, in disparage-
ment of such conveyance was held erroneous on account
of the general rule that declarations of a vendor after
his conveyance are not admissible to defeat it. The case
of *Creighton* v. *Hoppis*, *supra*, cited and principally
relied on by appellees, was entirely different from the
case now before us. That was a suit for possession of
land, and the defense was that the deed relied on by the
plaintiff to recover though absolute on its face was in-
tended as, and was really a mortgage. Hence the reten-
tion of possession by the grantor was inconsistent with
the absolute character of the deed, and so was the making
of lasting and valuable improvements while thus retain-
ing the possession, the proof of which was permitted.

It was said in that case that "Possession by the person
who has executed an instrument purporting on its face
to be an absolute conveyance of land, is in its nature
equivocal, for it may be that he was in possession as
tenant, or as a mortgagor, or by the mere sufferance of
the grantee. As the possession may be equivocal, it be-
comes material to show its true character, and, in order
to show this, what was done by the person in possession
may be proved. * * * We do not hold, nor mean to
hold, that declarations unaccompanied by an act are ad-
missible; on the contrary, we understand the rule to be
against their admissibility. Nor do we hold that declara-
tions accompanying an act are competent, where the act
itself can not be proved, but we do hold that where the
act is competent, so also are the declarations made at the
time it was performed. Even in such cases, it is only
declarations explanatory of the act and immediately con-
nected with it that are admissible. Narratives of a past
transaction, although given at the time an act is done,
are not competent. In order that the declarations may

be competent, it must appear that they relate to the thing then done, and that they have a direct connection with it. * * * It is sufficient to establish their competency, if it appears that they were made in connection with some act relating to the character of the possession.''

Here the fact of possession by Eliza Robbins and her right to possession were wholly immaterial to the question in controversy, namely, whether she had in fact executed and delivered the deed to William M. and Anthony S. Robbins. Because, when the case was here before, it was adjudged, both times, that the legal effect of the deed was to vest in William M. and Anthony S. Robbins a fee simple, reserving a life estate therein to the grantor, and that she was thereby entitled to the possession during her life. *Robbins* v. *Spencer, supra;* *Spencer* v. *Robbins, supra.*

Here the possession of Eliza Robbins was not equivocal, needing no explanation. If she had not in fact executed the deed to her two sons, it is conceded on all hands that she was the owner and entitled to the possession. If she had in fact executed the deed, she was entitled to the possession during her life, according to the terms of the deed. So that, in any event, her possession was not equivocal, nor did it need explanation. Her possession had no bearing on the question in dispute as a fact, one way or the other. Her possession was consistent with either contention. It was not a material fact on either side of the controversy. Therefore, possession not being a material fact, it was not competent, and could not be legally proven on either side to throw light on the question whether the deed had actually been executed. And, according to the case cited, declarations accompanying such possession are not competent. Her possession being consistent with her deed to her two

sons, it was not equivocal, nor did it need any explanation why it should continue while the deed existed.

Besides, her declarations were mere narratives of a past transaction, and had no relation to anything then done. Such declarations are held incompetent by the case cited by appellees. See, also, Doe v. Moore, supra.

It was farther said in the case quoted from that "it is the general rule that where an act is competent, so also are the declarations accompanying the act. * * * 'This ancient rule of the law necessarily implies, that the acts and declarations of the occupant are good evidence to demonstrate the character and intent of the possession.' Williams v. Ensign, 4 Conn. 456. * * * 'The rule of law is, that where it is necessary, in the course of a cause, to inquire into the nature of a particular act, and of the person, who did the act, proof of what the person said, at the time of doing it, is admissible in evidence, for the purpose of showing its true character, * * * as constituting a part of the res gestæ.' "

It was not necessary, in the case now before us, to inquire into the nature of the possession, because, as already observed, the possession was wholly immaterial, and therefore incompetent evidence. Not so where the grantor remains in possession after the execution of a deed absolute on its face, but claims that it was but a mortgage, as was the case in Creighton v. Hoppis, supra.

That case not only does not support appellee's contention, but it even supports the contention of the appellant. The next case cited by appellees is Steeple v. Downing, 60 Ind. 478.

The declarations there held competent were made by the grantor in disparagement of his rights in the land prior to his grant, he having no other title than naked possession. Manifestly that case has no bearing on this.

The next case cited by appellees is *McConnell* v. *Hannah, Admr.*, 96 Ind. 102.

A horse and buggy belonging to the decedent in his lifetime had been levied on by execution against him, and bought in by his daughter, who lived with him on a farm, where he still remained in possession of the property. It was claimed that he had furnished the money with which his daughter bought it in. His administrator claimed the property. His continued possession after the sale of the property on execution was at least equivocal; it called for explanation as to the character of such possession. His declarations therefore, while buying feed for the horse in offering to mortgage the property to secure the price of the feed, were competent as a part of the *res gestæ*, as was there correctly held. Clearly that case has no application to the case at bar.

The next case they cite is *Brown, Admr.*, v. *Kenyon*, 108 Ind. 283. The decedent, Brown, held a note and mortgage against Kenyon and the latter claimed that the decedent had agreed that he should furnish him a home and board during his natural life in full satisfaction of the debt and that he had performed that agreement.

The note and mortgage remained in the possession of the decedent, the payee, until his death. His declarations, while boarding with Kenyon, inconsistent with such an agreement, were excluded. After stating the general rule this court there said: " 'But an exception thereto is that when declarations, qualifying and giving character to an act proper to be given in evidence, accompany that act, they are admissible whether self serving or not, because they are a part of the *res gestæ*.' * * * In order that such declarations accompanying an act may be competent as a part of the *res gestæ*, manifestly, the act itself must be material to the issue involved. * * * In the case before us, there is no question as to

the ownership of the notes and mortgage, while Brown, the payee, was alive. He was the owner, and entitled to the possession of them. That was in no way called in question by appellee. The only question for trial was, as to whether or not the agreement set up in the answer was entered into between the parties, and if so, whether or not appellee had performed his part of that agreement. * * * The possession by Brown was not an act material to the issue tendered by appellee's answer. Nor would the declarations, which appellant proposed to prove, in any proper sense, qualify or give character to the act of possession by Brown. Those declarations would tend to overthrow the case as made by appellee's answer and his witnesses, but as they did not accompany an act material to the issue to be tried, they were not a part of the *res gestæ*, and hence not competent. They were purely declarations of a party in his own favor in the absence of the other party, and hence fall within the general rule which excludes such evidence."

This case also not only does not support appellees' contention, but directly and strongly supports that of the appellant. The above quotation, and the principles therein announced, are in every respect directly applicable to, and conclusive of, the question now under consideration against the appellees.

That case, in its statement of the general rule and exception, is supported by the following additional cases: *Winne* v. *Glidewell*, 17 Ind. 446; *Kieth* v. *Kerr*, 17 Ind. 284; *Burkholder* v. *Casad*, 47 Ind. 418; *Garner* v. *Graves, Admr.*, 54 Ind. 188; *Campbell* v. *Coon*, 51 Ind. 76; *Tedrowe* v. *Esher*, 56 Ind. 443; *Kennedy* v. *Divine*, 77 Ind. 490; *Stribling* v. *Brougher*, 79 Ind. 328; *Daniels* v. *McGinnis, Admr.*, 97 Ind. 549; *McSweeney* v. *McMillen*, 96 Ind. 298; *Tyers* v. *Kennedy*, 126 Ind. 523; *Durham* v. *Shannon*, 116 Ind. 403.

Appellees also cite *Maus* v. *Bome,* 123 Ind. 522; *Bunberry* v. *Brett,* 18 Ind. 343; *Bunnell* v. *Studebaker,* 88 Ind. 338; *Kuhns* v. *Gates,* 92 Ind. 66; *Durham* v. *Shannon, supra,* and *Lowman* v. *Sheets,* 124 Ind. 416, in support of their contention that the declarations of Eliza Robbins were admissible because she was in possession. We have examined these cases and find them not in point for the same or similar reasons for which we held the cases cited by appellant above examined inapplicable. The appellees also cite *Tedrowe* v. *Esher, supra,* and *Riehl* v. *Evansville, etc., Assn.,* 104 Ind. 70, in further support of their contention.

The declarations of the grantor made after he had parted with his title, tending to impeach the title of his grantee, which was held admissible in those cases, fell within another well known exception to the general rule that such declarations are inadmissible, and that is where there is a conspiracy or common purpose on the part of the grantor and grantee in such conveyance to defraud a third person. In both cases it was held that there was sufficient proof of such conspiracy to bring the cases within that exception. After reviewing our cases, we conclude that there is no principle of law on which the ruling of the trial court can be sustained in admitting the evidence of the declarations of Eliza Robbins in derogation of her previous conveyance in the absence of the appellant. Such evidence came directly within the well established general rule excluding proof of such declarations, and did not fall within any exception to such general rule.

Other questions are discussed in the briefs arising out of other grounds specified in the motion for a new trial, but those questions may not arise on another trial, and for that reason we deem it unnecessary to decide them.

In the condition of the evidence, the improperly admitted testimony of the declarations of Eliza Robbins may have had a controlling influence in producing the verdict, and hence we can not say the error of admitting such evidence was harmless.

The judgment is reversed, and the cause remanded with instructions to sustain the motion for a new trial.

Filed Oct. 30, 1894.

### ON PETITION FOR A REHEARING.

McCABE, C. J.—Appellees' counsel have presented a petition for a rehearing on the ground that we erred in holding that the evidence of the possession was immaterial under the issues, and that evidence of the declarations of Eliza Robbins while in possession was incompetent. Counsel say "we think the court inadvertently fell into error in holding that the act of possession in the case at bar was immaterial. \* \* \* It is argued (they say) that possession is only competent where it is *inconsistent* with the deed. The infirmity of this argument is that it *assumes* that Eliza Robbins had *parted with her title*, the very point in dispute, and the very point which the jury, in answer to interrogatories, decided against them. The authorities cited show what every one concedes, that *after the grantor has parted with his title* he may not disparage it by declarations in conflict with it. Thus assuming that Eliza Robbins *had* deeded her land away, they object to any declarations against the deed. The same argument would shut out *all* evidence on the subject, for if she had deeded her land away her title is gone, and that is the end of the matter.

"Mr. Justice ELLIOTT, in the case of *Creighton* v. *Hoppis,* 99 Ind. 369, disposes of the same kind of fallacy. 'If it were true, as counsel assert, that the appellees were not entitled to introduce evidence of acts and declarations

until after they had fully proved that the instrument was a mortgage, there would be no need for them for the case would be fully made out without them.'

"Counsel here attempts the same thing by arguing that until we prove that she never made the deed, we may not introduce her declarations. But then they would be useless, for that is the point in dispute, and when that is settled, any further evidence is superfluous." Let us see where the fallacy is.

The learned counsel in their argument against the reasoning of the original opinion have, in evident deference to the court, ascribed such reasoning to the counsel on the other side. Their real position is that our reasoning is to the effect that until the appellees prove that Eliza Robbins never made the deed in question they can not introduce her declarations concerning it in evidence. This plainly indicates that appellees' position is that if they had proven that Eliza Robbins had never made the deed, her declarations concerning its nonexecution would be unquestionably admissible. And they complain because the original opinion would not let her declarations in until such proof be made.

The original opinion not only holds her declarations inadmissible up to that point, but it in effect holds that her declarations after proof that she had never executed the deed would be equally inadmissible. What right would appellees have to introduce the declarations of Eliza Robbins that she never executed the deed after the introduction of proof even conclusive, or the admission of the appellant that she never did execute the deed. Let it be conceded that she did not execute the deed; and by what authority of law, and on what legal principle then can her declarations to the effect that she did not execute such deed be introduced in evidence against the appellant who claims under such deed, and that she did

execute it. If in fact she did not execute it, her declarations in relation thereto are nothing more than mere hearsay testimony, and not admissible.

Now when appellees offered her declarations in evidence, tending to prove the nonexecution of the deed against the appellant, what ground did they necessarily assume, to take such declarations out of the general rule excluding hearsay testimony?

It was that appellant was claiming to be the grantee of Eliza Robbins in the deed, and as long as he stood in court making that claim, having made proof of its execution so as to authorize its being put in evidence under the plea of *non est factum*, her declarations in disparagement of the title thereby claimed by him were admissible against him if made at the proper time, regardless of the ultimate fact whether the deed was or was not executed; because he, by putting the deed in evidence, and claiming under it, claimed that he was her successor in the title and her privy, and if so he would be bound by her acts and declarations affecting the title made prior to the time he claimed it came to him.

It was because of this claim of his that her declarations were admissible against him, and not because the deed had or had not in fact been made, and because he was estopped to deny that he was so claiming when her declarations were offered in evidence. All must readily admit that the declarations of Eliza Robbins, who was not a party to the suit, would be mere hearsay testimony and not admissible for either party unless brought within some exception to the general rule. 1 Greenl. Ev., sections 99, 100.

The learned counsel say that the infirmity of our argument in the original opinion against the admissibility of those declarations is that it assumes that she parted with her title, the very point in dispute. But it is the

learned counsel that fall into error instead of this court. The original opinion does not assume that she parted with her title as a reason why her declarations made after the date of the deed were inadmissible, as appears from the foregoing.

Suppose we admit that the answer of *non est factum* started the parties into the trial with the presumption that the deed was never executed ·at all. We have already seen that such presumption would not justify the admission of her declarations in disparagement of the title thereby purported to be conveyed, because the presumption is that no title has passed, no relation of grantor and grantee or privity exists between appellant and Eliza Robbins, so as to take the case out of the general rule excluding hearsay testimony.

It is only because the appellant assumed and claimed that the title had passed by the deed and claimed title under it and that the relation of grantor and grantee and consequent privity of estate were thereby created between them that the slightest right is created in the appellees to put in evidence the declarations of Eliza Robbins in disparagement of such claim of title.

Without that relation, such declarations as before observed are mere hearsay evidence, not falling within any of the exceptions to the general rule excluding such mere hearsay evidence. The successful offer of such declarations in evidence is on the theory that the party offering them says to the party against whom they are offered: While I do not admit that the title passed by the deed you have put in evidence, yet you say it has, and claim under such deed, and while you claim under such deed you assert that the relation of grantor and grantee and privity of estate, are thereby created between you and the grantor, you are bound by the declarations of your assumed grantor, your assumed privy in estate, affecting

the title you assume was conveyed thereby and you are estopped from denying the admissibility of such declarations precisely the same as if they were made by yourself.

In 1 Rice Ev., p. 424, it is said: "When by succession of title a party to a suit is so far in privity with another that he could be affected by his acts, then he can be affected by his admissions only when they are made during the latter's interest in the subject-matter of the suit; for then only can he engraft them upon the interests so that they will follow it into the hands of his successor."

As before observed, such admissions of the alleged grantor can only be put in evidence against the alleged grantee because he claims to be such grantee and successor in interest. If not admissible on that ground, then they are not admissible at all, because mere heresay evidence.

The law requires the court to hold, on the offer of such declarations (without assuming whether the deed was or was not made or whether the grantor had or had not parted with his title), that they are inadmissible unless made prior to the alleged conveyance. On the ground that if no conveyance in fact was ever made, they are mere hearsay and not admissible at all, and if such conveyance was in fact made and the declarations were made thereafter they are inadmissible, because the grantor can do no act or say no word after he has parted with his title to injuriously affect it.

Counsel for appellees say: "Thus assuming that Eliza Robbins had deeded her land away, they object to any declarations against the deed. The same argument would shut out all evidence on the subject; for if she had deeded her land away, her title is gone and that is the end of the matter."

We have already shown that we did not and do not assume that she had deeded her land away, but that appellees call to their aid the appellant's assumption and claim that she had so deeded her land away in order to enable them to put in evidence her declarations in disparagement of the title so claimed to be conveyed. If they did not call to their aid such assumption, then it is because they openly confess that her declarations were not admissible. Instead of counsel being correct in saying our argument would shut out all evidence, the direct contrary is true. Moreover, their argument would result in admitting in evidence the declarations of an alleged grantor in every instance in disparagement of his alleged grant after its alleged execution. Because they say that the rule is as every one concedes, that after the grantor has parted with his title he may not disparage it by declarations in conflict with it. But they say the very point in dispute was whether Eliza Robbins had parted with her title. The epitome of their argument is, that so long as that point was in dispute her declarations in disparagement of or in conflict with the deed were admissible in evidence. Necessarily, in all cases we can conceive of, that point would remain in dispute until the finding of the court is announced or the verdict of the jury is returned. That tides the case over the trial and leaves no case at all in which the declarations of the alleged grantor in disparagement of the title he is alleged to have parted with can be excluded. In short, it abolishes the rule *in toto*, that counsel so generously admit that every one concedes to be established, and establishes a new and contrary one, namely, that in all cases the declarations of an alleged grantor, made after the date of his alleged grant, are admissible in evidence against one claiming under such deed so long as the party offering such declarations disputes the

deed.  Under this proposed new rule, no such thing as the exclusion of such declarations can ever take place; they would all be admissible against the one claiming under such grant or deed, unless the party offering them would kindly rise up in court and admit that the deed had in fact been made and that the grantor had parted with his title before the offered declarations had been made.  It must be confessed that this would be a very convenient rule to meet the necessities of the appellees' contention in this case.

But the misfortune about it for the appellees is that no court of last resort from the year books down to the present time ever declared such a rule to be law, but from that time to this all courts of last resort where the question has arisen have declared the very reverse.

We do not hold that declarations of a life tenant in possession are inconsistent with such possession and inadmissible, but we do hold that no such question is presented.

The contention amounts to this, that unless the party offering such declarations will kindly admit the very point in dispute against himself, such declarations are admissible.  And then what difference would it make whether they were admitted or excluded?  None, because he has admitted his entire case away.  The time may come when "the wolf also shall dwell with the lamb, and the leopard shall lie down with the kid; and the calf and the young lion and the fatling together; and a little child shall lead them" (Isaiah xi, 6), and be real friendly and sociable with each other, and the millenium may come, but it is safe to say these things will not be of frequent occurrence.  So it is safe to assume that the party who offers such declarations in evidence will as rarely be found admitting his whole case away in order that his offered evidence may be rejected as that the other occurrences mentioned may take place.

In short, the contention if followed would sweep away the settled law that the declarations of the grantor named in a deed can not be admitted in evidence against one claiming under such deed if made prior to the time of its alleged execution. Besides, the question was virtually decided against appellees, contention when the case was here before the first time. *Spencer* v. *Robbins,* 106 Ind. 580.

There is another exception to the general rule excluding mere hearsay evidence, and that is where the declaration or statement offered, though mere hearsay, is a part of the *res gestæ,* 1 Greenl. Ev., section 108. It was insisted that the declarations of Eliza Robbins in question were admissible on this ground, being a part of her act of possession, and therefore a part of the *res gestæ.* Counsel for appellees say: "But it is argued by the court, that as her possession is not inconsistent with the deed, it is immaterial. If she made the deed she was still entitled to possession; if she did not make the deed she was entitled to it. This (counsel say) is a very plausible fallacy. But its fallacy will become apparent when we reflect that it assumes the very fact in controversy." That sort of logic has the merit of originality if nothing else. To argue that Eliza Robbins' possession was not a fact material to the issue whether the deed was made or not, because if she made the deed she was entitled to possession, and if she did not make it she was still entitled to possession, we are gravely told, assumes the very fact in controversy; that is, we are told with apparent candor that the act of conceding that the fact may be either one of two ways, is an assumption that is only one of the two ways. It is needless to say that this sort of logic does not impress us very favorably.

In the original opinion, we showed that this court had held both times when the case was here before that the

deed reserved a life estate in Eliza Robbins under which she was entitled to the exclusive possession during her life. The appellant by claiming under such deed admitted her legal right to possession during her life, and that she was the absolute owner in fee if the deed in question was not good. So that the whole entire controversy was whether that deed had been duly executed. Her possession during life was not, therefore, a fact material to that controversy. And we showed, by abundant authority in the original opinion, that declarations not accompanying an act or possession material to the controversy are not admissible in evidence.

The petition for a rehearing is overruled.

Filed April 9, 1895.